511 S.E.2d 689

**Troy E. TILLEY, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

**No. 24892.**

Supreme Court of South Carolina.

Submitted Jan. 20, 1999.
Decided Jan. 25, 1999.
Rehearing Denied Feb. 19, 1999.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, and Assistant Attorney General J. Benjamin Aplin, all of Columbia, for petitioner.

Assistant Appellate Defender Robert M. Dudek, of the S.C. Office of Appellate Defense, of Columbia, for respondent.

PER CURIAM:

The State filed a petition for a writ of certiorari following the grant of respondent's application for post-conviction relief (PCR). We grant the petition for a writ of certiorari and

dispense with further briefing. After a thorough review of the record, we affirm.

Respondent pled guilty to kidnapping, first degree criminal sexual conduct, and possession of a firearm during the commission of a violent crime. He was sentenced to life imprisonment for kidnapping, eighteen years for first degree criminal sexual conduct, and five years for possession of a weapon during the commission of a violent crime. The sentences were to be served consecutively. No direct appeal was taken.

The petition for a writ of certiorari is from the denial of the State's motion to dismiss respondent's PCR application as successive and from the PCR judge's order requiring respondent's sentence to be served in a particular sequence.

Respondent filed three PCR applications prior to the application at issue here. The PCR application which is the subject of this appeal was filed on November 20, 1995. Following a hearing, the PCR judge granted respondent relief on the claim that his plea was involuntary, and unintelligently and unknowingly entered because he was not fully aware of the no-parole consequences of his guilty plea. The relief granted was an order requiring respondent's sentences to be served in a particular sequence.

Respondent applied for post-conviction relief on the basis of a letter that was sent to him by the South Carolina Department of Probation, Parole, and Pardon Services (Parole Board) on October 26, 1995. In that letter, the Parole Board informed respondent that he was not eligible for parole because the law prevents his release on the five-year sentence for possession of a firearm during the commission of a violent crime.[1] Further, the Parole Board informed respondent that his five-year sentence was consecutive to the other sentences he received, and, as a result, the Parole Board was prevented

---

1. S.C.Code Ann. § 16–23–490 (1976 & Supp.1997) provides for a mandatory five-year sentence for a person convicted under this section. Moreover,

> [t]he person sentenced under this section is not eligible during this five-year period for parole.... The five years may not be suspended and the person may not complete his term of imprisonment in less than five years pursuant to good-time credits or work credits, but may earn credits during this period.

§ 16–23–490(C).

from considering him for parole on the sentences of life and eighteen years, as well as the five-year sentence.

During the PCR hearing, Janet Paduhovich, an attorney for the Parole Board, testified that respondent was not eligible for parole due to the consecutive nature of his sentence. Paduhovich stated although respondent is parole eligible on the kidnapping and criminal sexual conduct convictions, as a practical matter, the Parole Board could not consider respondent for parole because of the mandatory five-year sentence, which follows the kidnapping and criminal sexual conduct convictions. Paduhovich stated that this was due to the sentencing structure. Paduhovich further testified that, unless otherwise directed by the sentencing judge, the Parole Board interprets the sentence structure as meaning respondent must serve out his term on count one, which is life, before he can begin serving out his term on the next two counts, which are 18 years and 5 years, respectively. Therefore, in theory, respondent is eligible for parole, but practically he is not parole eligible because he must serve out his life term before he ever gets to the mandatory term of five years.

Respondent testified at the PCR hearing that the reason he never brought up the parole eligibility claim before was because the Parole Board had given him a printout every six months, which stated his parole eligibility date and his work credits. Each subsequent printout showed an earlier parole eligibility date due to respondent's work credits. Respondent received these printouts until the month he was eligible for parole and the Parole Board sent him the letter stating he was not eligible for parole. Respondent further testified that he had taken parole preparation classes.

Respondent's plea counsel testified at the PCR hearing that he did not know what respondent's sentence meant in terms of parole eligibility and that he was not aware that respondent would not be eligible for parole.

On the claim that respondent's plea was involuntary, the PCR judge found that respondent had no way of knowing at the time he voluntarily pled guilty that an actual sentence of life without parole could be imposed on him.

28

## I. Successive Application

The State first argues the PCR judge erred by denying the State's motion to dismiss respondent's PCR application as successive. We disagree.

 A successive application is one that raises grounds not raised in a prior application, raises grounds previously heard and determined, or raises grounds waived in prior proceedings. S.C.Code Ann. § 17–27–90 (1976 & Supp.1997). Successive applications are disfavored and the applicant has the burden to establish that any new ground raised in a subsequent application could not have been raised by him in a previous application. *Arnold v. State*, 309 S.C. 157, 420 S.E.2d 834 (1992), *cert. denied*, 507 U.S. 927, 113 S.Ct. 1302, 122 L.Ed.2d 691 (1993); *Aice v. State*, 305 S.C. 448, 409 S.E.2d 392 (1991); *Foxworth v. State*, 275 S.C. 615, 274 S.E.2d 415 (1981). This Court must affirm the findings of the PCR court if they are supported by any evidence of probative value in the record. *Webb v. State*, 281 S.C. 237, 314 S.E.2d 839 (1984).

 We find respondent's claims concerning parole eligibility are not successive. Respondent learned he was ineligible for parole on October 26, 1995, and within a month he filed the current PCR application. He could not have raised this claim in a previous PCR application because he did not know of the claim until October 26, 1995.

We further find the PCR judge's order denying the State's motion to dismiss respondent's application as successive is supported by evidence of probative value. *See Webb v. State, supra.*

## II. Sentence Structure

 The State also argues the PCR judge erred in ordering that respondent's sentence be served in a particular sequence. We disagree.

The PCR judge found the sentencing judge did not order that the prison terms of life, eighteen years, and five years be served in that sequence, only that they be served consecutively. The PCR judge ordered respondent's sentence be served in a way that corrects the Parole Board's interpretation of his

sentence. Pursuant to the change, respondent serves his sentence as follows:

(1) five (5) years for possession of a weapon during the commission of a violent crime, then he shall serve

(2) eighteen (18) years for first degree criminal sexual conduct, then he shall serve

(3) life for kidnapping.

By setting out the sequence by which respondent will serve his prison terms, respondent may become eligible for parole in the future. Such a correction is merely a matter of placement and does not disregard the original sentence that the terms be served consecutively.

S.C.Code Ann. § 17–27–80 (1976 & Supp.1997) provides that if the PCR judge finds in favor of the applicant, the PCR judge shall enter an appropriate order with respect to the conviction or sentence in the former proceedings and any supplementary orders as to correction of sentence.

The PCR judge found that the Parole Board has interpreted respondent's sentence to imprison him for life with no chance for parole, even though the sentencing judge merely ordered the sentences be served consecutively. The Parole Board's interpretation contravenes the intent of the sentencing judge because it appears the sentencing judge did not intend for respondent's prison terms to be without parole.

We agree with the PCR judge's finding that the trial judge did not intend respondent's sentences to be served in the order the Parole Board has established. The PCR judge correctly established the sequence in which respondent's sentences would be served, so that respondent may be parole eligible sometime in the future. *See* § 17–27–80.

**AFFIRMED.**

BURNETT, J., not participating.