575 S.E.2d 557

**Roger COATS, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 25573.**

Supreme Court of South Carolina.

Submitted Nov. 21, 2002.

Decided Jan. 13, 2003.

Harry Leslie Devoe, Jr., of New Zion, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General B. Allen Bullard, Jr., and Assistant Attorney General William Bryan Dukes, all of Columbia, for respondent.

Justice MOORE:

We granted this petition for a writ of certiorari to determine whether the post-conviction relief (PCR) court erred by finding petitioner's claim was inappropriate for PCR. We reverse and remand for a hearing.

## FACTS

Petitioner pled guilty to conspiracy to traffic in marijuana and was sentenced to imprisonment for seven years. A direct appeal was not filed. Thereafter, petitioner filed a PCR application, which was dismissed after a hearing. We granted his petition for a writ of certiorari.

At the hearing to determine whether petitioner was entitled to an evidentiary hearing on his PCR claim, the State moved to dismiss his application because it was filed after the statutory one-year filing period had expired. Petitioner's counsel argued that petitioner did not discover his claim until he was informed by the Department of Corrections that he was parole ineligible. While in prison, petitioner was initially treated as if he was parole eligible and had a parole hearing. Petitioner filed his PCR application immediately upon learning of his parole ineligible status. The PCR court denied the State's motion to dismiss based upon the statute of limitations.

As to the merits of the claim, petitioner alleged counsel had advised him, prior to his plea, that he would be parole eligible. The PCR court dismissed petitioner's claim regarding parole eligibility as being improper for PCR. The court found the claim should be resolved via the Department of Corrections' internal grievance system.

## ISSUE

Did the PCR court err by finding petitioner's claim should be determined by the Department of Corrections under *Al–Shabazz v. State,* 338 S.C. 354, 527 S.E.2d 742 (2000)?

## DISCUSSION

In *Al–Shabazz, supra,* we held that, except for two non-collateral matters specifically listed in the PCR Act,[1] PCR is a proper avenue of relief only when the applicant mounts a collateral attack challenging the validity of his conviction or sentence. We stated a claim regarding sentence-related credits or other condition of imprisonment does not fall into this category. *Al–Shabazz,* 338 S.C. at 367–368, 527 S.E.2d at 749. The avenue of relief for these latter claims is the Department of Corrections' internal grievance system. *Id.* at 371–373, 527 S.E.2d at 751–752.

The PCR court incorrectly concluded that petitioner's claim was an *Al–Shabazz* claim that can only be resolved in the Department of Corrections' internal grievance system. We find his claim is appropriate for PCR because he alleges that counsel was ineffective for improperly advising him that he would be parole eligible. His understanding about his parole eligibility may have affected the validity of the underlying plea. *See Al–Shabazz, supra* (PCR is a proper avenue of relief when applicant mounts collateral attack challenging validity of his conviction or sentence). An evidentiary hearing is warranted to determine if counsel was in fact ineffective. *See, e.g., Frasier v. State,* 351 S.C. 385, 570 S.E.2d 172 (2002) (PCR court held evidentiary hearing to determine whether applicant was induced to plead guilty based on counsel's parole advice prior to plea; PCR court's decision denying relief because counsel did not give any advice as to parole eligibility affirmed); *Hinson v. State,* 297 S.C. 456, 377 S.E.2d 338 (1989) (held applicant established attorney's advice regarding parole eligibility constituted ineffective assistance of counsel); *Griffin v. Martin,* 278 S.C. 620, 300 S.E.2d 482 (1983) (upheld PCR court's decision that applicant failed to prove his attorney's erroneous advice concerning parole eligibility induced his guilty plea).

However, petitioner did not file his claim within one year after his conviction as required by S.C.Code Ann. § 17–

---

1. The non-collateral matters that can be heard in the PCR setting are the claims that an applicant's sentence has expired and that an applicant's probation, parole, or conditional release has been unlawfully revoked. S.C.Code Ann. § 17–27–20(a)(5) (1985).

27–45(A) (Supp.2001).[2]  It would appear that this section bars petitioner's claim; however, we conclude his claim falls within the discovery rule, which provides:

> If the applicant contends that there is evidence of material facts not previously presented and heard that requires vacation of the conviction or sentence, the application must be filed under this chapter within one year after the date of actual discovery of the facts by the applicant or after the date when the facts could have been ascertained by the exercise of reasonable diligence.

S.C.Code Ann. § 17–27–45(C) (Supp.2001).

Petitioner was allegedly informed by his counsel and was informed by the Department of Corrections that he was eligible for parole.  The Department even conducted a parole hearing for petitioner in 1999.  A few months later, the Department informed him he was not parole eligible.  When he finally received the correct information, he learned he had a claim of ineffective assistance of counsel based on counsel's allegedly erroneous parole eligibility advice.  Petitioner filed his PCR application raising that claim within one year after the date of actual discovery of the fact he was parole ineligible. Accordingly, we reverse the PCR court and remand this matter for an evidentiary hearing on the merits of petitioner's claim regarding counsel's mistaken advice that petitioner would be eligible for parole.  *Cf. Tilley v. State,* 334 S.C. 24, 511 S.E.2d 689 (1999) (fourth PCR application, challenging guilty plea as involuntary on ground applicant did not know he was parole ineligible, not successive where applicant could not have raised claim in previous application because he previously did not know he was parole ineligible).

**REVERSED AND REMANDED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.

---

2. Petitioner pled guilty in March 1997, but did not file his PCR application until October 1999.