588 S.E.2d 604

Ellis FRANKLIN, Ricky George, Larry Hall, Herman Hughes, Johnny Pearson, Ted Powers, Kenneth Simmons, et al., Petitioners,

v.

Gary MAYNARD, Director, South Carolina Department of Corrections, and Charles M. Condon, Attorney General of South Carolina, Respondents.

No. 25747.

Supreme Court of South Carolina.

Heard Feb. 4, 2003.

Decided Nov. 3, 2003.

Rehearing Denied Dec. 3, 2003.

John H. Blume, of Ithaca, NY; Robert M. Dudek, Robert Edward Lominack, Elizabeth Fielding Pringle, Keir M. Weyble, Jeffrey P. Bloom, Diana L. Holt, Teresa L. Norris, all of Columbia; and David P. Voison, of Jackson, MS, for petitioners.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General Donald J. Zelenka, all of Columbia, for respondents.

PER CURIAM:

The United States Supreme Court (USSC), in *Atkins v. Virginia*, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), held the execution of a mentally retarded person is cruel and unusual punishment prohibited by the Eighth Amendment of the United States Constitution. The USSC noted that "[t]o the extent there is serious disagreement about the execution of mentally retarded offenders, it is in determining which offenders are in fact retarded.... Not all people who claim to be mentally retarded will be so impaired as to fall within the range of mentally retarded offenders about whom there is a national consensus." *Id.* at 317, 122 S.Ct. at 2250. The USSC left "the task of developing appropriate ways to enforce the constitutional restrictions upon [the] execution of sentences" to the states. *Id.* Therefore, the state of South Carolina has the obligation to establish procedures for possible capital cases where the defendant is allegedly mentally retarded.

Petitioners, all either death-sentenced inmates or capital defendants, filed this petition for a writ of certiorari in our original jurisdiction requesting we establish procedures implementing the *Atkins* decision.[1]

## ISSUES

I.   What is the definition of mental retardation?

II.   What is the procedure for making the mental retardation determination in post-*Atkins* cases?

III.   What is the procedure for cases where the defendant was sentenced to death prior to *Atkins* ?

## DISCUSSION

### I

■ We find it inappropriate to create a definition of mental retardation different from the one already established by the legislature in S.C.Code Ann. § 16–3–20(C)(b)(10) (2003) (mental retardation is a statutory mitigating circumstance).[2]

---

1.  The legislature s presently considering a Bill defining mental retardation and establishing procedures for implementing the *Atkins* decision.

2.  S.C.Code Ann. § 44–20–30(11) (2002) (under the South Carolina Mental Retardation Act) and § 44–26–10(11) (2002) (under the Act

Section 16–3–20(C)(b)(10) defines mental retardation as: "significantly subaverage general intellectual functioning existing concurrently with deficits in adaptive behavior and manifested during the developmental period." Altering this definition is a matter for the legislature.

## II

Regarding the procedures to be used in making the mental retardation determination in post-*Atkins* cases, we conclude the trial judge shall make the determination in a pre-trial hearing, if so requested by the defendant or the prosecution, after hearing evidence, including expert testimony, from both the defendant and the State. The defendant shall have the burden of proving he or she is mentally retarded by a preponderance of the evidence. *Cf. State v. Reed*, 332 S.C. 35, 503 S.E.2d 747 (1998) [3] (defendant bears burden of proving incompetence by preponderance of evidence); *State v. Kelly*, 331 S.C. 132, 502 S.E.2d 99 (1998) [4] (same).

If the judge finds the defendant to be mentally retarded by a preponderance of the evidence in the pre-trial hearing, the defendant will not be eligible for the death penalty. If, however, the judge finds the defendant is *not* mentally retarded and the jury finds the defendant guilty of the capital charge, the defendant may still present mitigating evidence that he or she had mental retardation at the time of the crime. *See* S.C.Code Ann. § 16–3–20(C)(b)(10) (2003).[5] If the jury finds this mitigating circumstance, then a death sentence will not be imposed.

## III

While petitioners argue we should establish procedures for cases where the defendant was sentenced to death prior to

---

dealing with the rights of mental retardation clients) define mental retardation the same as § 16–3–20(C)(b)(10).

3. *Cert. denied*, 525 U.S. 1150, 119 S.Ct. 1051, 143 L.Ed.2d 57 (1999).

4. *Cert. denied*, 525 U.S. 1077, 119 S.Ct. 816, 142 L.Ed.2d 675 (1999).

5. The jury will not be informed of the prior proceedings or the trial judge's findings concerning the defendant's claim of mental retardation.

*Atkins,*[6] such procedures already exist.

A death row inmate who claims he is mentally retarded and, as a result, not subject to the death penalty, may institute post-conviction relief (PCR) proceedings because his sentence is in violation of the Constitution and exceeds the maximum authorized by law.[7] *See* S.C.Code Ann. §§ 17–27–20(a) and – 160 (2003). As with other PCR claims, the applicant must show he or she is mentally retarded by a preponderance of the evidence. *See, e.g., Singleton v. State,* 313 S.C. 75, 437 S.E.2d 53 (1993) (competency for execution). If mental retardation is proven, the PCR court will vacate the death sentence and impose a life sentence.

JEAN H. TOAL, C.J., JAMES E. MOORE, JOHN H. WALLER, JR., E.C. BURNETT, III, and COSTA M. PLEICONES, JJ.

---

**6.** *Atkins* has retroactive application. *See Penry v. Lynaugh,* 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989).

**7.** An applicant is not barred from raising the mental retardation issue in a second PCR application. *See* S.C.Code Ann. § 17–27–45(B) (2003) (when court whose decisions are binding upon this Court holds United States Constitution imposes upon state criminal proceedings substantive standard not previously recognized or right not in existence at time of state court trial, and if standard or right is intended to be applied retroactively, PCR application may be filed); *Tilley v. State,* 334 S.C. 24, 511 S.E.2d 689 (1999) (successive PCR application allowed where applicant could not have raised issue in previous application).