630 S.E.2d 472

**Michael KURTZ, Respondent,**

**v.**

**STATE of South Carolina, Petitioner.**

**No. 26150.**

Supreme Court of South Carolina.

Submitted March 22, 2006.

Decided May 15, 2006.

16

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, and Assistant Attorney General David Spencer, all of Columbia, for Petitioner.

Assistant Appellate Defender Robert M. Pachak, of Columbia, for Respondent.

Code Commissioner Stephen T. Draffin, of South Carolina Legislative Council, of Columbia, for Amicus Curiae.

Justice WALLER:

We granted a writ of certiorari to review the denial of post-conviction relief (PCR) to Respondent Michael Kurtz (Kurtz).

## FACTS

Kurtz pled guilty to involuntary manslaughter and leaving the scene of an accident resulting in death and was sentenced to five (5) years for the manslaughter charge and twenty-five (25) years, suspended to seven (7) years, for leaving the scene of an accident.[1] Kurtz filed an application for PCR alleging ineffective assistance of counsel.

The PCR judge found trial counsel had misadvised Kurtz that he would be eligible for parole on the leaving the scene of an accident charge. He concluded trial counsel was ineffective and granted Kurtz a new trial. The State filed a motion to alter or amend the order on the ground the evidence did not support the conclusion that trial counsel misadvised Kurtz. The PCR judge denied the State's motion. Kurtz then hired new counsel and filed a motion pursuant to Rule 60(b), SCRCP, alleging the PCR judge erred in finding him ineligible for parole.[2] He asked the PCR judge to vacate the prior order granting him relief, reinstate his convictions, and find that he is parole eligible. The PCR judge granted the motion. The State appeals.

## ISSUES

1) Did the PCR judge err in ruling on whether Kurtz was eligible for parole?

2) Did the PCR judge err in finding Kurtz was eligible for parole?

## DISCUSSION

### 1) Review by PCR judge

■ The State contends the PCR judge should not have ruled on the merits of the Kurtz's claim regarding parole eligibility. The State argues such claims are to be addressed

---

1. Kurtz admitted drinking the night of the accident. He hit a pedestrian killing her.

2. S.C.Code § 24–13–100 states all Class A, B, and C felonies are no parole offenses and under § 24–13–125, a defendant convicted of such an offense must serve 85% of his sentence before he is eligible for parole.

through the Department of Probation, Parole, and Pardon Services ("DPPPS") pursuant to *Al–Shabazz v. State,* 338 S.C. 354, 527 S.E.2d 742 (2000).

In deciding a similar claim, the Court held that "[t]he PCR court incorrectly concluded that petitioner's claim was an *Al–Shabazz* claim that can only be resolved in the Department of Corrections' internal grievance system." *Coats v. State,* 352 S.C. 500, 503, 575 S.E.2d 557, 558 (2003). The Court held this type of claim "is appropriate for PCR because [the defendant] alleges that counsel was ineffective for improperly advising him that he would be parole eligible." *Id.* Accordingly, pursuant to *Coats,* the PCR judge correctly ruled on Kurtz's claim.

### 2) Parole Eligibility

The State also contends the PCR judge erred in finding that Kurtz was eligible for parole. We agree.

In 1999, Kurtz pled guilty to leaving the scene of an accident where death results which is codified at S.C.Code Ann. § 56–5–1210(A)(3)(2006). In 1996, the General Assembly amended § 56–5–1210(A)(3) to provide that this offense is a felony with a sentence of not less than one year and not more than twenty-five (25) years and a fine between $10,000 and $25,000.

Pursuant to S.C.Code Ann. § 16–1–90 (2003 & Supp.2005), all criminal offenses are classified according to the maximum sentence which can be imposed for the offense. The offenses are divided into felonies and misdemeanors and the felonies are further classified as A, B, or C. A Class B felony carries a maximum sentence of twenty-five (25) years. Pursuant to S.C.Code Ann. § 24–13–100 (Supp.2004), all Class A, B, and C felonies are classified as no parole offenses. Pursuant to S.C.Code Ann. § 2–13–66 (2005), the Code Commissioner is "to place crimes and offenses in the appropriate category *as established by the General Assembly*" in § 16–1–90. S.C.Code Ann. § 2–13–66 (emphasis added). "The Code Commissioner is specifically prohibited from changing the designation by the General Assembly of any crime or offense from felony to misdemeanor or from misdemeanor to felony and is like wise prohibited from changing the number of years of any sentence set by the General Assembly." *Id.*

In 1999, when Kurtz pled guilty, the offense of leaving the scene of an accident where death results had not yet been listed by the Commissioner as a Class B felony in § 16–1–90.[3] The offense did not appear in § 16–1–90 until the 2000 Supplement was published. The PCR judge found that since it was not classified as a Class B felony in § 16–1–90, S.C.Code Ann. § 24–13–100 was inapplicable and the offense was not a no parole offense when Kurtz pled guilty. He concluded Kurtz is eligible for parole and his trial counsel correctly advised him.

The State contends that Kurtz's parole eligibility does not hinge on the Code Commissioner's listing of the classification. We agree. As the State argues, once the General Assembly has enacted legislation providing that an offense is a felony with a maximum sentence of twenty-five (25) years, the offense is a Class B felony. Contrary to Kurtz's argument that attorneys would have to be clairvoyant regarding an offense's classification, the Code Commissioner has no discretion and his classification of the offenses is merely a ministerial duty.[4] To hold as Kurtz argues would mean that the effective date of any new legislation would not be until it is published in the Code. However, acts become effective upon the approval of the governor.[5]

Accordingly, we hold the offense of leaving the scene of an accident was a Class B felony and was a no parole offense when Kurtz pled guilty. Therefore, the PCR judge's grant of Kurtz's Rule 60 motion is reversed.

**Affirm in part; Reverse in part.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.

---

**3.** This offense was classified as a Class B felony in 2000, approximately two years after Kurtz pled guilty.

**4.** The Code Commissioner filed an amicus curiae brief in which he sides with the State.

**5.** As the Code Commissioner points out in his amicus brief, there will always be a lag time between an offense's enactment and its placement on the classification list.