THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
James Michael Charping, Respondent,
v.
Jon Ozmint, Commissioner, South Carolina Department of Corrections, Petitioner.
 
 
 

ON WRIT OF CERTIORARI

Appeal from Lexington County
Mark H. Westbrook, Circuit Court Judge
 J. C. Buddy Nicholson, Jr., Post Conviction Relief Court Judge

Memorandum Opinion No.   2006-MO-024
Submitted May 24, 2006  Filed July 3, 2006

AFFIRMED

 
 
 
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, and Senior Assistant Attorney General William Edgar Salter, III, all of Columbia, for Petitioner.
Jeffrey P. Bloom, of Columbia, and Katherine H. Hudgins, of Columbia, for Respondent.
 
 
 

PER CURIAM: The post-conviction relief (PCR) court granted James Michael Charping (Charping) a new trial after finding that (1) Charpings PCR application for relief on the non-capital offenses was not barred by the statute of limitations and counsel was ineffective for failing to advise Charping of his right to file a PCR application, (2) counsel was ineffective for failing to fully investigate or utilize the surveillance videotape (Texaco videotape) and related evidence, and (3) counsel was ineffective in conceding guilt in the 1996 murder trial.    The PCR court found that counsels failure to use the Texaco videotape deprived Charping of his right to effective assistance of counsel.  The PCR court further found that the failure to use the Texaco videotape was inextricably tied to both the capital and non-capital convictions.  This Court granted the States petition to review the PCR judges decision.  
We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:  Strickland v. Washington, 466 U.S. 668, 691 (1984) (finding counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary); Coats v. State, 352 S.C. 500, 504, 575 S.E.2d 557, 558-59 (2003) (finding where counsel advises a defendant and provides erroneous advice, the defendant may have grounds for PCR relief); Washington v. State, 324 S.C. 232, 236, 478 S.E.2d 833, 835 (1996) (holding that a PCR application will not be procedurally barred under a hyper-technical analysis, where so many procedural irregularities occurred during the judicial process as to deprive the applicant of due process); Cherry v. State, 300 S.C. 115, 119, 386 S.E.2d 624, 626 (1989) (holding a PCR judges findings will be upheld if there is any evidence of probative value sufficient to support them). 
 TOAL, C.J., WALLER, BURNETT, PLEICONES, JJ., and Acting Justice James E. Lockemy, concur.