THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Marcus J. Parker, Petitioner,
 
 
 

v.

 
 
 
 State of South Carolina, Respondent.
 
 
 

Appeal From Jasper County
Carmen Mullen, Circuit Court Judge

Unpublished Opinion No. 2011-UP-508
Heard November 1, 2011  Filed November 18, 2011  

REVERSED AND REMANDED

 
 
 
 Appellate
 Defender Elizabeth A. Franklin-Best, of Columbia, for Petitioner.
 Attorney
 General Alan M. Wilson, Chief Deputy Attorney General John W. McIntosh,
 Assistant Deputy Attorney General Salley W. Elliot, and Assistant Attorney
 General Matthew J. Friedman, all of Columbia, for Respondent.
 
 
 

FEW, C.J.: In his
 third post-conviction relief application, Marcus Parker claims his plea counsel
 erroneously advised him he would be parole eligible on a conviction for
 possession of a firearm during the commission of a dangerous crime.  The PCR
 court summarily dismissed the application as successive and filed outside the
 statute of limitations.  Because Parker's application states a prima facie
 claim under Tilley v. State, 334 S.C. 24, 511 S.E.2d 689 (1999), we reverse
 for an evidentiary hearing.
In September 2000, Parker
 pled guilty to armed robbery, assault and battery with intent to kill (ABWIK),
 kidnapping, and possession of a firearm during the commission of a violent
 crime.  The plea judge sentenced Parker to twenty-five years' imprisonment for
 armed robbery, twenty years concurrent for ABWIK, twenty-five years concurrent
 for kidnapping, and five years consecutive for possession of a firearm during
 the commission of a violent crime.  A person convicted of possession of a
 firearm during the commission of a violent crime is not eligible for parole
 during the five-year sentence.  S.C. Code Ann. § 16-23-490(C) (Supp. 2010).  
In February 2007, Parker
 filed the PCR application at issue.  In his application Parker claims plea counsel
 affirmatively told him he would be parole eligible for the possession of a
 firearm conviction after he served his concurrent sentences.  Parker alleges he
 first learned he was parole ineligible on December 15, 2006, when his Department
 of Corrections caseworker told him.  Parker contends that his plea counsel was
 ineffective for giving him erroneous advice about his parole eligibility and
 that if he had known he would be parole ineligible, he would not have pled guilty
 to possession of a firearm.  The State filed a motion for summary dismissal
 contending Parker's application was successive and filed outside of the
 one-year statute of limitations in section 17-27-45(A) of the South Carolina
 Code (2003).  
"[T]o be entitled to
 a successive PCR application, the applicant must establish that the grounds
 raised in the subsequent application could not have been raised in the previous
 application."  Odom v. State, 337 S.C. 256, 261, 523 S.E.2d 753,
 755 (1999).  "When considering the State's motion for summary dismissal of
 a[] [PCR] application, a judge must assume facts presented by an applicant are
 true and view those facts in the light most favorable to the applicant."  Al-Shabazz
 v. State, 338 S.C. 354, 364, 527 S.E.2d 742, 747 (2000).  "Furthermore,
 summary dismissal without a hearing is appropriate only when (1) it is apparent
 on the face of the application that there is no need for a hearing to develop
 any facts and (2) the applicant is not entitled to relief."  Id.
Assuming the facts
 presented by Parker are true, his application states a prima facie claim for
 PCR under Tilley.  See 334 S.C. at 26-28, 511 S.E.2d at 690-91 (affirming
 PCR court's decision to grant Tilley's fourth PCR application when the
 applicant did not previously know he was parole ineligible for possession of a
 firearm because he received printouts each year from the Parole Board with his
 parole eligibility date).  Accordingly, we reverse and remand for an
 evidentiary hearing.[1]
REVERSED and REMANDED.
THOMAS and KONDUROS,
 JJ., concur.

[1] The PCR court also held Parker's "allegation of newly discovered evidence
 based on parole eligibility is without merit" because plea counsel could
 not be "ineffective for failing to advise a defendant regarding parole
 eligibility because it is a collateral consequence of sentencing."  The
 principle of law is correct, but the PCR court misconstrued Parker's claim.  See Smith v. State, 329 S.C. 280, 283, 494 S.E.2d 626, 628 (1997) ("[I]f
 the defendant's attorney undertakes to advise the defendant about parole
 eligibility and gives erroneous advice, then the plea may be collaterally
 attacked.").  Parker does not allege counsel failed to advise him about
 his parole eligibility.  He alleges counsel gave him erroneous advice about
 parole eligibility, which may be attacked through a PCR application.