22986

Robert S. HINSON, Petitioner v. STATE of South Carolina, Respondent.
(377 S. E. (2d) 338)

Supreme Court

*Asst. Appellate Defender Stephen P. Williams*, of *S. C. Office of Appellate Defense*, Columbia, *for petitioner*.

*Att. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka*, and *Asst. Atty. Gen. Salley W. Elliott*, Columbia, *for respondent*.

Submitted Dec. 9, 1988.

Decided March 6, 1989.

CHANDLER, Justice:

In this post-conviction matter Petitioner Robert S. Hinson (Hinson) contends that his trial attorney's erroneous advice concerning parole eligibility rendered his guilty plea invalid. We agree and reverse the denial of post-conviction relief.

On July 9, 1979, Hinson was indicted for murder for his part in a robbery attempt which resulted in the death of one Teagus Griffis. The following day he pled guilty to the crime of "common-law murder" and was sentenced to life in prison.

Prior to the plea, Hinson was advised by his attorney that a ten year parole eligibility applied to "common-law" murder as opposed to the twenty year provision then applicable to statutory murder. Hinson, alleging that he en-

tered his plea upon the assumption this distinction existed, contends his attorney provided ineffective assistance.

To prevail in this action Hinson must satisfy the two prong test of *Strickland v. Washington*:[1] (1) that counsel's advice was not within the range of competence demanded of attorneys in criminal cases; and (2) that there is a reasonable probability that, except for counsel's errors, he would not have pled guilty but would have insisted upon a trial. In *Hill v. Lockhart*[2] this test was held applicable to guilty plea challenges based upon alleged ineffective assistance of counsel.

## PRONG I

Counsel's advice regarding parole eligibility misstated the law. There is no distinction between statutory and common-law murder: the statute is merely declaratory of the common law.[3] The advice given Hinson falls below the level of competence reasonably expected of attorneys in criminal cases.

## PRONG II

The evidence is uncontroverted that Hinson entered his plea in expectation of receiving the lesser period for parole eligibility. His own testimony to that effect at post-conviction was corroborated by that of William Runyon, attorney for a codefendant. Hinson's trial counsel testified that he remembered virtually nothing about the case since suffering a depressive episode in 1984.

Ordinarily, a defendant's testimony, several years after a guilty plea, that his plea was induced by erroneous advice of counsel is not persuasive. The fact that trial counsel candidly admits that he cannot now recall the advice given is not dispositive. Here, however, Hinson's assertion as to counsel's advice was supported by the extensive testimony of trial counsel for the codefendant. As noted above, Mr. Runyon recalled the advice given with regard to parole eligibility for "common law murder" and conceded that the advice was incorrect.

---

[1] 466 U. S. 668, 104 S. Ct. 2052, 80 L. Ed. (2d) 674 (1984).
[2] 474 U. S. 52, 106 S. Ct. 366, 88 L. Ed. (2d) 203 (1985).
[3] *See State v. Wilson*, 104 S. C. 351, 89 S. E. 301 (1915); *State v. Bowers*, 65 S. C. 207, 43 S. E. 656 (1903); *State v. Coleman*, 8 S. C. 237 (1876).

## CONCLUSION

Hinson, having established both prongs of the *Strickland v. Washington* test, was entitled to post-conviction relief.

Reversed.

GREGORY, C. J., and HARWELL, FINNEY and TOAL, JJ., concur.