23345

Vincent ALEXANDER, Petitioner v. STATE of South Carolina, Respondent.

(402 S.E. (2d) 484)

Supreme Court

---

[1] Ignorance of the law [or a] law, which everyone is bound to know, excuses no man. BLACK'S LAW DICTIONARY 673 (5th ed. 1979).

*Asst. Appellate Defender Robert M. Dudek*, of *S.C. Office of Appellate Defense*, Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka*, and *Asst. Atty. Gen. Miller W. Shealy, Jr.*, Columbia, *for respondent.*

Submitted Dec. 14, 1990.

Decided Feb. 11, 1991.

HARWELL, Justice:

Petitioner Vincent Alexander pled guilty to trafficking in cocaine and received a fifteen year sentence from which he took no direct appeal. This case is before this Court on writ of certiorari from the denial, after a hearing, of his application for postconviction relief (PCR). We reverse.

## I. FACTS

This case originated when law enforcement authorities received information from a confidential informant that crack cocaine was being brought into Estill, South Carolina by a number of individuals travelling in a particular automobile. Based upon their information, law enforcement authorities secured a search warrant and searched the vehicle in which petitioner and three codefendants had been travelling. Approximately fifty grams of crack cocaine were found. Also, while searching the vehicle, a key was found to a nearby motel room. One of the codefendants consented to a search of the

room; approximately one hundred fifty grams of crack cocaine were discovered.

Four indictments, each containing two counts, were returned against petitioner. The vague indictments appeared to involve overlapping and greater and lesser charges. Despite the indictments, petitioner actually faced two counts of trafficking in cocaine, based on the possession of two different quantities. Consequently, petitioner's maximum sentencing exposure was seven to twenty-five years and a fifty-thousand dollar fine for the fifty grams of cocaine found in the automobile and a mandatory twenty-five year sentence and a fifty-thousand dollar fine for the one hundred fifty grams of cocaine found in the motel room. *See,* S.C. Code Ann. § 44-53-370(3)(2)(b) and (c) (1985).[1]

Originally, petitioner pled not guilty, and a jury trial began on August 4, 1987. Later on that same date, petitioner, with the aid of his attorney and an interpreter, pled guilty to trafficking in more than ten grams of cocaine. Petitioner was sentenced to fifteen years imprisonment from which he did not appeal. Petitioner then filed an application for PCR raising various allegations of ineffective assistance of trial counsel including that trial counsel was ineffective in providing him with erroneous sentencing advice. Petitioner claimed that but for this false sentencing information, he would not have pled guilty. The PCR judge denied petitioner's request for relief. We granted the petition for writ of certiorari on this issue.

## II. DISCUSSION

In *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. (2d) 674 (1984), the United States Supreme Court set forth a two-part standard for evaluating claims of ineffective assistance of counsel. The first part of the test requires that a defendant show that his counsel's performance was deficient such that it falls below an objective standard of reasonableness. The second part of the test requires that a defendant show that there is a reasonable probability that, for for counsel's unprofessional errors, the result of the proceeding

---

[1] The charges for which petitioner was indicted arose prior to this statute's amendments which are contained in the 1989 supplement.

would have been different. This second part of the *Strickland* test has also been referred to as the "prejudice" requirement. Although the United States Supreme Court decision in *Strickland* dealt with ineffective assistance of counsel in a capital sentencing proceeding, and was premised in part on the similarity between such a proceeding and the usual criminal trial, the same two-part standard was extended so as to apply to ineffective assistance claims arising out of the plea process in *Hill v. Lockhart,* 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. (2d) 203 (1985).

In *Hill,* the United States Supreme Court held that in the context of determining the voluntariness of a guilty plea that is entered upon the advice of counsel, the first half of the *Strickland* test would require an inquiry into whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Simply put, the first inquiry is whether trial counsel's advice was deficient. According to *Hill,* the "prejudice" requirement of the *Strickland* test focuses on whether counsel's ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

In support of the first part of the *Strickland* and *Hill* test, petitioner argues that trial counsel was deficient in providing him with erroneous sentencing advice. The record supports this contention. Trial counsel testified that he told petitioner if he succeeded in having the charges reduced to two counts, petitioner would face twenty-five years and a fifty thousand dollar fine on each count. While trial counsel denied telling petitioner he would spend the rest of his life in prison unless he pled guilty, he admitted that he probably told petitioner he faced one hundred years on the four indictments. Trial counsel later testified that he told petitioner he faced fifty years without question, possibly one hundred if all four indictments stood, which "would have effectively been his life expectancy."

Trial counsel's sentencing advice was obviously defective. If trial counsel had properly reviewed the four indictments, he would have concluded that because the indictments contained

overlapping and greater and lesser charges, petitioner's maximum sentencing exposure would have been a seven to twenty-five year sentence and a fifty-thousand dollar fine for the fifty grams of cocaine found in the automobile and a twenty-five year sentence and a fifty-thousand dollar fine for the one hundred fifty grams of cocaine found in the motel room. Thus, the first prong of the *Strickland* and *Hill* tests has been met.

In support of the second part of the *Strickland* and *Hill* test, the "prejudice" requirement, petitioner submits evidence which conclusively establishes that but for his trial counsel's misadvice as to sentencing, he would not have pled guilty. In fact, the only evidence in the record on this point is petitioner's own testimony that had trial counsel not misinformed him that he would face a potential life sentence if he proceeded to trial, he would not have pled guilty. Thus, the second part of the test has been met. We find that because trial counsel's improper sentencing advice induced petitioner's guilty plea, this case must be reversed. *See, Hinson v. State,* 297 S.C. 456, 377 S.E. (2d) 338 (1989) (new trial granted where incorrect parole eligibility advice induced plea).

Petitioner also contends the trial counsel was ineffective in: (1) relying on a co-defendant with adverse interests to interpret for petitioner at early meetings: (2) meeting with petitioner only in the presence of the codefendants; (3) failing to allow petitioner to tell his side of the story; and (4) relying on the codefendants' attorneys to do certain parts of the investigation. These allegations are meritless as petitioner has failed to show any prejudice from trial counsel's actions. However, based on trial counsel's erroneous sentencing advice, this case must nevertheless be reversed and remanded to the circuit court for a new trial.

Reversed and remanded.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.