535 S.E.2d 926

James Harvey JACKSON, Petitioner,

v.

STATE of South Carolina, Respondent.

No. 25181.

Supreme Court of South Carolina.

Submitted Feb. 16, 2000.

Decided Aug. 14, 2000.

Assistant Appellate Defender Robert M. Pachak, of South Carolina Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, all of Columbia; and Assistant Attorney General Kevin Patrick Tierney, of Greenville, for respondent.

MOORE, Justice:

Petitioner pled nolo contendere to threatening a public official.[1] Petitioner filed a writ of certiorari to review the denial of his post-conviction relief (PCR) petition. We reverse.

## ISSUE

Was trial counsel ineffective in advising petitioner that threatening a public official was a misdemeanor?

---

1. Petitioner was involved in a divorce and had called his children's school to speak with them. A school clerk refused and petitioner became hostile and threatened her.

## DISCUSSION

The PCR judge found trial counsel's performance was not deficient and petitioner had failed to prove prejudice. Petitioner contends the PCR judge erred. We agree.

A plea of nolo contendere is for all practical purposes treated as a guilty plea. *Kibler v. State*, 267 S.C. 250, 227 S.E.2d 199 (1976); *State v. Munsch*, 287 S.C. 313, 338 S.E.2d 329 (1985). A defendant who pleads guilty on the advice of counsel may collaterally attack the plea only by showing that (1) counsel was ineffective and (2) there is a reasonable probability that but for counsel's errors, the defendant would not have pled guilty. *Wolfe v. State*, 326 S.C. 158, 485 S.E.2d 367 (1997); *Satterwhite v. State*, 325 S.C. 254, 481 S.E.2d 709 (1997).

Threatening a public official is a crime defined in S.C.Code Ann. § 16–3–1040 (Supp.1999) and classified as a felony in S.C.Code Ann. § 16–1–90(F)(Supp.1999). At the plea hearing, the judge asked trial counsel if the crime was a felony or a misdemeanor. Trial counsel stated, "Misdemeanor, I think." At the PCR hearing, when asked if the offense was a felony, trial counsel answered, "According to what y'all are saying today."

In reviewing the PCR court's decision, this Court is concerned only with whether there is any evidence of probative value to support that decision. *Cherry v. State*, 300 S.C. 115, 386 S.E.2d 624 (1989). We find trial counsel was deficient in failing to advise petitioner that threatening a public official was a felony rather than a misdemeanor.

Petitioner testified he would not have pled had he known the charge was a felony. The PCR judge found petitioner's testimony was not credible. However, there was no evidence contradicting or conflicting with petitioner's testimony that would support the PCR judge's finding that petitioner would not have pled. In *Alexander v. State*, 303 S.C. 539, 402 S.E.2d 484 (1991), the PCR judge denied a petitioner relief when trial counsel erroneously advised the petitioner about his potential sentence prior to his guilty plea. We reversed and held the petitioner had satisfied the prejudice prong when "the only evidence in the record on this point

[was] petitioner's own testimony that had trial counsel not misinformed him that he would face a potential life sentence if he proceeded to trial, he would not have pled guilty." (citing *Hinson v. State*, 297 S.C. 456, 377 S.E.2d 338 (1989) (new trial granted where incorrect parole eligibility advice induced plea)).[2] Here, the only evidence was that petitioner would not have pled had he known the charge was a felony. Thus, petitioner was entitled to PCR.

**REVERSED.**

FINNEY, C.J., TOAL and WALLER, JJ., concur.

BURNETT, J., dissenting in a separate opinion.

BURNETT, Justice:

I respectfully dissent. I agree counsel was deficient in failing to advise petitioner threatening a public official was a felony rather than a misdemeanor. However, I disagree with the finding of prejudice based upon testimony of petitioner specifically found not to be credible.

In a PCR proceeding, the burden of proof is on the applicant to prove the allegations in his application. *Caprood v. State*, 338 S.C. 103, 525 S.E.2d 514 (2000); Rule 71.1(e), SCRCP. Prejudice must be shown by *objective* evidence. *Judge v. State*, 321 S.C. 554, 562, 471 S.E.2d 146, 150 (1996). In *Judge*, we found the petitioner's mere statement that he would have accepted an offered plea agreement but for counsel's incompetence to be insufficient to prove prejudice because it was "self-serving and inherently unreliable." *Id.* Furthermore, the facts in *Judge* provided no objective evidence establishing prejudice. *Id.* at 362–63, 471 S.E.2d at 151.

The majority relies upon *Alexander v. State*, 303 S.C. 539, 402 S.E.2d 484 (1991), in which we held petitioner had satisfied the prejudice prong when "the only evidence in the record on this point [was] petitioner's own testimony that had trial counsel not misinformed him that he would face a potential life sentence if he proceeded to trial, he would not have pled

---

**2.** To the extent that *Judge v. State*, 321 S.C. 554, 471 S.E.2d 146 (1996), can be read to hold that a petitioner's statement is insufficient evidence to satisfy the prejudice prong, it is hereby overruled.

guilty." *Alexander* is distinguishable from the present case in that the PCR court made no finding concerning the petitioner's credibility in that case. Here, the PCR court specifically found petitioner's testimony was not credible.

The holdings in *Alexander* and *Judge* appear to be in conflict. However, I do not read *Alexander* to require the court to grant PCR to every applicant who claims he would not have pled guilty, regardless of the credibility of the applicant's claim. Nor do I read *Judge,* as the majority suggests, to hold that an applicant's statement is *never* sufficient evidence to satisfy the prejudice prong. Rather, these cases allow the PCR court, in its discretion, to judge the credibility of each applicant's claim. *See Solomon v. State,* 313 S.C. 526, 443 S.E.2d 540 (1994) (where matters of credibility are involved, great deference is given to PCR judge's findings).

The majority ignores the PCR court's finding concerning petitioner's credibility and reverses the PCR court's denial of relief because "there was no evidence contradicting or conflicting with petitioner's testimony" he would not have pled nolo contendere had he known the charge was a felony. This ruling in effect shifts the burden of proof from the applicant in a PCR hearing to the State to introduce evidence contradicting the applicant's self-serving declaration of his state of mind. Because the State has no means to refute petitioner's testimony of his thought processes, this is precisely the type of case where a PCR judge's credibility determination is critical. That determination deserves our deference. *See id.*

The only evidence presented at the PCR hearing was the inherently unreliable, self-serving statement of an applicant the PCR court expressly found not credible. In my opinion, this is the equivalent of no evidence at all. I do not believe there is a *reasonable* probability petitioner, but for counsel's errors, would not have pled nolo contendere. I would affirm the PCR court's denial of relief.