631 S.E.2d 260

**Silas SMITH, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

**No. 26161.**

Supreme Court of South Carolina.

Submitted April 19, 2006.

Decided June 5, 2006.

136

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General Salley W. Elliott, all of Columbia, for Petitioner.

Deputy Chief Attorney Wanda H. Carter, Office of Appellate Defense, of Columbia, for Respondent.

Chief Justice TOAL:

This Court granted certiorari to review the Post Conviction Relief (PCR) Judge's decision to grant relief to Silas Smith (Respondent). We reverse.

## FACTUAL / PROCEDURAL BACKGROUND.

Respondent pled guilty to felony DUI. The trial court sentenced Respondent to twelve years imprisonment. Because of the nature of the offense, Respondent had to serve eighty-five percent of the sentence without the possibility of parole.

Respondent filed this action for PCR claiming that but for the erroneous advice of trial counsel, he would not have pled guilty. Respondent maintains that trial counsel informed him that by pleading guilty to the charge, Respondent would be sentenced to twelve years but only have to serve half of that sentence because he would be eligible for parole in six years. At the PCR hearing, Respondent testified that trial counsel informed him that he would receive credit for time served prior to the guilty plea. Although Respondent stated in his PCR application that but for counsel's advice, he would not have pled guilty, Respondent made no such statement at his PCR hearing. Instead, as a matter of strategy, Respondent declined to testify whether he would choose not to plead guilty and face another trial in light of the plea bargain he received.

The PCR court found that because the only evidence before the court was Respondent's undisputed testimony and the averment in the PCR application, Respondent was entitled to relief. The State sought certiorari from this Court. This Court granted certiorari to review the decision of the PCR court. The following issue is before this Court:

Did the PCR court err in granting relief to Respondent?

## LAW/ANALYSIS

■ The State argues that the PCR court erred in granting relief to Respondent. We agree.

138

■  In reviewing the PCR court's decision, this Court is concerned only with whether there is any evidence of probative value to support that decision. *Cherry v. State*, 300 S.C. 115, 119, 386 S.E.2d 624, 626 (1989).

■  In the context of a guilty plea, the court must determine whether 1) counsel's advice was within the range of competence demanded of attorneys in criminal cases—i.e. was counsel's performance deficient, and 2) if there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty. *Hill v. Lockhart*, 474 U.S. 52, 56–58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The defendant's undisputed testimony that he would not have pled guilty to the charges but for trial counsel's advice is sufficient to prove that defendant would not have pled guilty. *Jackson v. State*, 342 S.C. 95, 97–98, 535 S.E.2d 926, 927 (2000); *Alexander v. State*, 303 S.C. 539, 543, 402 S.E.2d 484, 485–86 (1991).

During his testimony at the PCR hearing, Respondent did not indicate whether he would have pled guilty absent counsel's erroneous advice. However, Respondent did make such a claim in his PCR application. The State did not offer any evidence to the contrary, and the State failed to provide the testimony of trial counsel at the PCR hearing. Further, the PCR court did not have an opportunity to review the plea transcript because neither party presented it to the court. Accordingly, the *only* evidence before the PCR court was Respondent's sworn statement in his PCR application that if he knew that he would have to serve eighty-five percent of the sentence he would not have pled guilty.

This Court, in *Jackson* and *Alexander*, held that the undisputed testimony of a PCR applicant is sufficient to warrant relief. In *Jackson* and *Alexander*, the PCR applicants testified at the PCR hearing that they would not have pled guilty absent the errors made by trial counsel. We find that the present scenario is distinguishable from *Jackson* and *Alexander*. In the present case, Respondent did not testify at the PCR hearing that he would have not pled guilty absent trial counsel's erroneous advice. As a result, we hold that the averment in a PCR application that the applicant would not have pled guilty is insufficient to warrant relief. Respondent's failure to take the stand resulted in a failure of proof—i.e. the

allegation in the complaint that he would not have pled guilty was not proven because of Respondent's reluctance to testify to that assertion. An applicant seeking relief from a guilty plea must present probative evidence to support the allegations in the PCR application that but for trial counsel's erroneous advice, the applicant would not have pled guilty.

## CONCLUSION

Based on the above, we reverse the PCR court's decision.

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.