666 S.E.2d 260

**Mauricio LEON, Respondent,**

v.

**STATE of South Carolina, Appellant.**

**No. 4420.**

Court of Appeals of South Carolina.

Submitted May 1, 2008.

Decided June 27, 2008.

Rehearing Denied Sept. 18, 2008.

Henry Dargan McMaster, Attorney General, John W. McIntosh, Chief Deputy Attorney General, Salley W. Elliott, Assistant Deputy Attorney General, and Molly R. Crum, Assistant Attorney General, all of Columbia, for Appellant.

Symmes W. Culbertson, of Greenville, for Respondent.

HEARN, C.J.:

Mauricio Leon filed a post-conviction relief (PCR) application on May 15, 2002, alleging his guilty plea was involuntary, ineffective assistance of counsel, and denial of due process of law. The PCR judge vacated Leon's conviction and ordered a new trial. We reverse.

## FACTS

Leon pled guilty to following offenses: (1) trafficking more than 400 grams of cocaine; (2) two counts of trafficking 10 to 28 grams of methamphetamine; and (3) trafficking 10 to 28 grams of cocaine. Leon is a native of Mexico and speaks very little English. The interpreter present at the guilty plea hearing, while approved by the court, did not appear to be

under oath. Leon was sentenced to twenty-five years and a $200,000 fine for trafficking more than 400 grams of cocaine, to run concurrent with sentences of ten years and a $25,000 fine for each of the remaining three charges. The sum of his sentence was twenty-five years of incarceration and fines amounting to $275,000.

Leon filed a PCR application, and a hearing was held. The PCR judge granted Leon's petition for PCR, finding Leon's counsel was ineffective for failing to object to the interpreter not being sworn at the guilty plea hearing. The PCR judge found "the trial counsel's failure to preserve the issue of the omission of the interpreter's oath [constitutes] ineffective assistance of counsel." As a result, the State petitioned this court for writ of certiorari.

## LAW/ANALYSIS

The State contends the PCR judge erred in granting Leon's PCR application. Specifically the State argues Leon failed to meet both prongs of the *Strickland* test for ineffective assistance of counsel. We agree.

In order to establish a claim of ineffective assistance of counsel, a PCR applicant must prove: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the applicant's case. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Cherry v. State*, 300 S.C. 115, 117, 386 S.E.2d 624, 625 (1989). To show counsel was deficient, the applicant must establish counsel failed to render reasonably effective assistance under prevailing professional norms. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052; *Cherry*, 300 S.C. at 117–18, 386 S.E.2d at 625. When a guilty plea has been entered, the applicant must prove counsel's representation was below the standard of reasonableness and but for counsel's unprofessional errors, there is a reasonable probability the applicant would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58–59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Alexander v. State*, 303 S.C. 539, 543, 402 S.E.2d 484, 485 (1991). In determining guilty plea issues, it is proper to consider the guilty plea transcript, as well as evidence at the PCR hearing. *Harres v. Leeke*, 282 S.C. 131, 133, 318 S.E.2d 360, 361 (1984).

■ Even if we assume counsel's performance was deficient, Leon has the burden to establish prejudice under the two-prong *Strickland* test. "[I]n order to satisfy the 'prejudice' requirement [in the context of a guilty plea], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Alexander*, 303 S.C. at 542, 402 S.E.2d at 485. Here, Leon testified he did not understand the interpreter provided by the court because he was nervous and the interpreter spoke too fast. However, when asked during direct-examination if he would have gone to trial instead of pleading guilty if someone would have further explained his rights or possible defenses, Leon's response was, "No." Thus, Leon fails to prove the deficient performance by his attorney prejudiced his case. Because Leon did not establish prejudice, the PCR court erred in granting PCR. Therefore, the order of the PCR court is

**REVERSED.**[1]

KITTREDGE, J., and GOOLSBY, A.J., concur.

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.