672 S.E.2d 790

**Ricky C. PELZER, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

**No. 4457.**

Court of Appeals of South Carolina.

Heard Oct. 22, 2008.
Decided Nov. 18, 2008.
Withdrawn, Substituted, and Refiled Feb. 3, 2009.
Rehearing Denied Feb. 3, 2009.

218

Assistant Attorney General Brian T. Petrano, of Columbia, for Petitioner.

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Respondent.

CURETON, A.J.:

Following a grant of post-conviction relief (PCR), the State petitioned for and received a writ of certiorari. The State now argues the PCR court erred in finding Ricky C. Pelzer's plea counsel was ineffective and in granting Pelzer relief from one part of a negotiated guilty plea but leaving the rest of the plea intact. We reverse.

## FACTS

In March 2001, after six years of cohabitation resulting in the birth of two children, Diana Gibbs required Ricky Pelzer leave their home. On April 20, 2001, Gibbs obtained a re-

straining order against Pelzer. In the early hours of May 6, 2001, Pelzer, carrying a can of gasoline, went to the home where Gibbs and two of her children were sleeping. When Gibbs refused to let him in, Pelzer forced the door open. Gibbs and the children ran out the back door. Pelzer followed them into the front yard, where he attacked Gibbs. After Gibbs's son pulled Pelzer off Gibbs, Pelzer returned to the house. Threatening to burn the house, Pelzer doused the inside of the home with gasoline and began ingesting gasoline himself. Gibbs called the police from a neighbor's house. The police eventually took Pelzer into custody and drove him to a hospital, where he was successfully treated for gasoline ingestion.

Pelzer was charged with first-degree burglary, attempted second-degree arson, criminal domestic violence of a high and aggravated nature (CDVHAN), and violation of a family court restraining order. An attorney was appointed to represent him. After extensive negotiations between Attorney and the State, Pelzer pled guilty to the lesser included offense of second-degree burglary and the original charges of attempted second-degree arson and violation of a family court restraining order. The State nolle-prossed the CDVHAN charge. In accordance with the negotiated deal, the circuit court sentenced Pelzer to a total of fifteen years' imprisonment.[1]

Pelzer later learned of attempt to burn, a statutory offense similar to the charged offense of attempted arson. Attempt to burn carried a shorter sentence than attempted arson. Pelzer then filed an application for PCR, arguing in his petition that his plea counsel was ineffective because she failed to apprise him of attempt to burn, which carried only a five-year sentence. The attorney testified at the PCR hearing that she did not recall discussing that statute with Pelzer. The PCR court granted Pelzer's application. The State petitioned for a writ of certiorari, which was granted.

## STANDARD OF REVIEW

■ In reviewing the PCR court's decision, an appellate court is concerned only with whether any evidence of proba-

---

1. This sentence included fifteen years each for the burglary and arson charges and thirty days for violating the family court's restraining order, all to be served concurrently.

tive value exists to support that decision. *Smith v. State*, 369 S.C. 135, 138, 631 S.E.2d 260, 261 (2006). Thus, an appellate court gives great deference to the PCR court's findings of fact and conclusions of law. *Porter v. State*, 368 S.C. 378, 383, 629 S.E.2d 353, 356 (2006).

## LAW/ANALYSIS

The State argues the PCR court erred in finding Pelzer's plea counsel was ineffective for failing to advise him of the attempt-to-burn statute. We agree.

A two-prong test exists to evaluate claims of ineffective assistance of counsel. First, a defendant must show that his counsel's performance was deficient such that it falls below an objective standard of reasonableness. *Bennett v. State*, 371 S.C. 198, 203, 638 S.E.2d 673, 675 (2006) (*citing Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Secondly, a defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Bennett*, 371 S.C. at 203, 638 S.E.2d at 675. "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland*, 466 U.S. at 700, 104 S.Ct. 2052.

Trial counsel must provide "reasonably effective assistance" under "prevailing professional norms." *Id.* at 687–88, 104 S.Ct. 2052. Reviewing courts presume counsel was effective. *Id.* at 690, 104 S.Ct. 2052. Therefore, to receive relief, the applicant must show (1) counsel departed from professional norms resulting in (2) prejudice. *Id.* at 690, 693, 104 S.Ct. 2052. Trial counsel's failure to apprise the accused of a lesser included offense constitutes deficient performance when, under the facts of the case, he could be convicted of the lesser offense. *Kerrigan v. State*, 304 S.C. 561, 563, 406 S.E.2d 160, 162 (1991). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

"Where there has been a guilty plea, the applicant must prove prejudice by showing that, but for counsel's errors, there is a reasonable probability he would not have pleaded

guilty and instead would have insisted on going to trial." *Bennett,* 371 S.C. at 203–04, 638 S.E.2d at 675. In resolving PCR issues relating to guilty pleas, it is proper to consider the guilty plea transcript as well as the evidence at the PCR hearing. *Id.* at 204, 638 S.E.2d at 675.

First-degree burglary is punishable by imprisonment from fifteen years to life. S.C.Code Ann. § 16–11–311 (2003). Second-degree arson is punishable by imprisonment from five to twenty-five years.[2] S.C.Code Ann. § 16–11–110(B) (Supp. 2008). To prove second-degree arson, the State must show the accused willfully and maliciously caused an explosion, set fire to, burned, or caused to be burned, or aided, counseled, or procured the burning that resulted in damage to any structure designed for human occupancy. *Id.* An attempt to burn is punishable by imprisonment up to five years or a fine of not more than $10,000. S.C.Code Ann. § 16–11–190 (2003). To prove attempt to burn, the State must show the accused willfully and maliciously attempted "to set fire to, burn, or aid, counsel, or procure the burning of any of the buildings or property mentioned in Sections 16–11–110 to 16–11–140," or that the accused committed an act in furtherance of burning these buildings. *Id.*

First-degree burglary is classified as a most serious offense in South Carolina, while second-degree arson and second-degree burglary are classified as serious offenses. S.C.Code Ann. § 17–25–45 (Supp.2008). If a person has been convicted of two serious or most serious offenses, he must be sentenced to life imprisonment without parole upon conviction of a third such offense. *Id.*

██ "The trial court lacks subject matter jurisdiction to convict the defendant of a crime that is not a lesser included of the offense charged in the indictment." *State v. McFadden,* 342 S.C. 629, 632, 539 S.E.2d 387, 389 (2000), *overruled on other grounds by State v. Gentry,* 363 S.C. 93, 106, 610 S.E.2d 494, 501 (2005). For an offense to be a lesser included offense of another, the greater offense must include all the elements of the lesser offense. *Id.; accord Blockburger v. U.S.,* 284

---

**2.** "A person who commits the common law offense of attempt, upon conviction, must be punished as for the principal offense." S.C.Code Ann. § 16–1–80 (2003).

U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). "If the lesser offense includes an element not included in the greater offense, then the lesser offense is not included in the greater." *Hope v. State,* 328 S.C. 78, 81, 492 S.E.2d 76, 78 (1997).

The evidence before us supports the PCR court's conclusion Attorney's performance failed the *Strickland* test for effective assistance of counsel. Attorney's assistance fell below prevailing professional norms for criminal defense counsel when she failed to advise Pelzer that had he gone to trial, he could have been convicted of attempt to burn, a less serious offense than second-degree arson. Although the PCR court did not determine whether attempt to burn was a lesser included offense of attempted second-degree arson, we hold it is. Upon review of the elements of each offense, we find attempted second-degree arson contains all the elements of attempt to burn.[3] Therefore, attempt to burn is a lesser included offense of attempted second-degree arson. Given the facts of this case, Attorney's failure to advise Pelzer of this offense fell below prevailing professional norms and was deficient under *Strickland.*

Having concluded Attorney departed from prevailing professional standards, we now turn to a discussion of whether Pelzer suffered prejudice as a result of Attorney's deficient advice. At the PCR stage, to show prejudice, Pelzer bore the burden of establishing that but for the misadvice of Attorney, he would not have pled guilty, but instead would have elected to go to trial. *Alexander v. State,* 303 S.C. 539, 542, 402 S.E.2d 484, 485 (1991).

Although the PCR judge found in her order that Pelzer "testified at the hearing that he would not have plead [sic] guilty to the charges had he known that the attempt to burn statute was the applicable statute," we are unable to locate that testimony anywhere in the record. Moreover, the thrust of Pelzer's plea counsel's testimony was that from the outset, the solicitor insisted on trying Pelzer on the original charge of first-degree burglary, which in Pelzer's case carried a manda-

---

**3.** In addition to the elements found in the attempt-to-burn statute, the second-degree arson statute requires property damage and allows culpability for causing an explosion, apparently as an alternative to burning. § 16–11–110(B).

tory sentence of life without the possibility of parole since Pelzer had a prior conviction of assault and battery with intent to kill. She stated, "[W]e were, from the early outset, working toward a plea," and Pelzer's principal reason for entering into the negotiated plea was to avoid facing trial on the original burglary charge. She stated further that she believed there was "a significant risk that [Pelzer] would be found guilty if he went to trial" on the first-degree burglary charge. Because Pelzer did not want to face the first-degree burglary charge, he requested his plea counsel negotiate the first-degree burglary charge down to second-degree burglary to avoid the possibility of a sentence of life without the possibility of parole.

During the guilty plea colloquy, the plea judge thoroughly discussed with Pelzer his decision to plead guilty and the terms of the negotiated plea. Additionally, as noted previously, at the PCR hearing, Pelzer never testified that he would not have pled guilty except for his plea counsel's error. In fact, he specifically testified he did *not* wish to set aside his guilty plea to the burglary charge. The following colloquy between Pelzer and his PCR attorney is instructive:

Q. You don't want to try to go back to the beginning and start completely over.

A. No.

Q. Okay.

A. I just want to argue 190.

Q. All you want to argue is that your lawyer was ineffective in allowing you to be sentenced under 110(B) as opposed to arguing that on the facts of this case that you were properly—should have properly been sentenced under 190.

A. That's correct.

In view of this testimony, we conclude the evidence does not demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Consequently, the PCR court erred in finding Pelzer suffered prejudice as a result of his plea counsel's misadvice.

The State also argues the PCR court erred in granting Pelzer relief as to the arson charge, only, without vacating the entire plea. Inasmuch as we have reversed the PCR court on

the issue of ineffective assistance of counsel, we do not reach this issue. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

## CONCLUSION

We find the PCR court did not err in finding Pelzer's plea counsel performed deficiently by failing to advise him of the attempt-to-burn statute because attempt-to-burn is a lesser included offense of arson. Nevertheless, we hold Pelzer suffered no prejudice because of this misadvice, because he has not demonstrated that he would not have pled guilty but for the misadvice. Therefore, we reverse the order of the PCR court and reinstate Pelzer's conviction.

We do not reach the issue of whether the PCR court erred in granting Pelzer relief as to the arson charge, only, without vacating the entire guilty plea. Accordingly, the order of the PCR court is

**REVERSED.**

HEARN, C.J., and HUFF, J., concur.