THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Elaine T. Patterson, Petitioner,
 v.
 State of South Carolina, Respondent.
 
 
 

ON WRIT OF CERTIORARI

Appeal from Greenville County
 Alexander S. Macaulay, Circuit Court Judge

Memorandum Opinion No. 2011-MO-017
Submitted June 22, 2011  Filed July 11, 2011

AFFIRMED

 
 
 
 Appellate Defender Elizabeth A. Franklin-Best, of Columbia, for Petitioner.
 Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant
 Attorney General Karen Ratigan, all of Columbia, for Respondent.
 
 
 

 
JUSTICE PLEICONES:  We granted certiorari to consider an order denying petitioner, who had pled guilty, post-conviction relief (PCR).  We
affirm.
FACTS
In April 2006, petitioner confessed to Beaufort Police that in May, 1988, she had smothered her eight month old son.  She subsequently repeated her
confession to a Greenville detective.  Although originally charged with murder, the State reduced the charge to manslaughter for which petitioner faced a
sentence of two to thirty years.  After her plea was accepted, the judge sentenced petitioner to thirty years.
ISSUE
Did the PCR judge err in holding that trial counsel was not ineffective in advising petitioner to refuse the sentencing cap offered by the State?
ANALYSIS
Petitioner contends counsel was ineffective in advising her to decline the twenty-year sentencing cap offered by the State.  Trial counsel testified he
advised petitioner to refuse the State's cap because he believed the plea judge to be a reasonable judge who would give her a lesser sentence if she came before
him without the cap.  He further stated that he felt a recommendation of a twenty year cap might invite the trial judge to impose that sentence. 
Finally, counsel testified that several other attorneys he spoke with before advising petitioner agreed with this strategy.  The PCR judge found counsel's
testimony credible, and that he had a valid strategic reason for advising against the cap.  Moreover, the judge held petitioner had not established
prejudice as the sentencing judge would not have been bound by the cap even if petitioner had accepted the offer.  See Brooks v. State, 325
S.C. 269, 481 S.E.2d 712 (1997).
Trial counsel's strategic decision to recommend against an offer by the State is entitled to deference, and counsel's advice is not rendered ineffective
"simply because, in hindsight the advice was wrong."  Judge v. State, 321 S.C. 554, 561, 471 S.E.2d 146, 150 (1996) overruled on
other grounds Jackson v. State, 342 S.C. 95, 535 S.E.2d 926 (2000).  Further, we must affirm the PCR judge's findings that counsel had a valid
strategy, that his performance did not fall below reasonable professional norms, and that petitioner did not show prejudice if they are supported by any
substantial evidence in the record.  E.g. Lounds v. State, 380 S.C. 454, 670 S.E.2d 646 (2008).
We find evidence that counsel's decision to advise petitioner to forego the sentencing cap was a valid strategy well within professional norms, and that
petitioner failed to establish any prejudice resulting from her decision to decline the cap.   Accordingly, the PCR order is
AFFIRMED.
TOAL, C.J., BEATTY and KITTREDGE, JJ., concur.  HEARN, J., not participating.