**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Charles Ray Dean, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2012-212092

Appeal From Horry County
George C. James Jr., Circuit Court Judge

Unpublished Opinion No. 2015-UP-176
Heard February 3, 2015 – Filed April 1, 2015

**REVERSED**

Appellate Defender David Alexander, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General Christina Catoe Bigelow, both of Columbia, for Respondent.

**PER CURIAM:** In this post-conviction relief (PCR) matter, Petitioner Charles Ray Dean argues the PCR court erred in finding his Sixth Amendment right to effective assistance of counsel was not violated. Specifically, Dean argues plea

counsel gave Dean erroneous sentencing advice and Dean would have proceeded to trial but for plea counsel's error.  We reverse.

## FACTS/PROCEDURAL HISTORY

When Dean appeared before the plea court, he was informed that, for the charge of murder, he was facing a minimum sentence of thirty years' imprisonment and a maximum sentence of life without parole.  Dean maintained he still wished to plead guilty and the court accepted his plea as voluntary, knowing, and intelligent.  Plea counsel then requested the plea court sentence Dean to the minimum sentence of thirty years' imprisonment, at which point the plea court interrupted counsel to say, "That's day[-]for[-]day."  According to plea counsel and Dean, they did not hear this statement at the time.  At the end of the colloquy, the plea court sentenced Dean to thirty years' imprisonment and once again stated, "You have to serve it day[-]for[-]day."  Both Dean and plea counsel were surprised when they heard the second "day-for-day" clarification.

Dean did not file a direct appeal but later filed an application for PCR, alleging ineffective assistance of plea counsel, which the PCR court denied.  A petition for writ of certiorari followed, which was granted by this court.

## STANDARD OF REVIEW

"On appeal in a PCR action, this [c]ourt applies an 'any evidence' standard of review." *Taylor v. State*, 404 S.C. 350, 359, 745 S.E.2d 97, 101 (2013).  Under this standard, the PCR court's ruling will be upheld if it is supported in the appendix by any evidence of probative value and not controlled by an error of law.  *Shumpert v. State*, 378 S.C. 62, 66, 661 S.E.2d 369, 371 (2008); *Speaks v. State*, 377 S.C. 396, 399, 660 S.E.2d 512, 514 (2008).  However, reversal is warranted where no evidence of probative value supports the PCR court's decision.  *See Palacio v. State*, 333 S.C. 506, 513, 511 S.E.2d 62, 66 (1999).

## ISSUE ON APPEAL

Did the PCR court err in finding Dean's right to effective assistance of counsel was not violated?

## LAW/ANALYSIS

Dean maintains that plea counsel erroneously informed him before his plea that he would be required to serve only 85% of his sentence. Indeed, plea counsel acknowledged he was under the impression—after speaking with a trusted lawyer—that Dean would have to serve only 85% of his sentence under "the new law."[1] Dean further contends that neither the plea court nor plea counsel informed him that he was going to have to serve the thirty-year sentence day-for-day until after the guilty plea was entered. Immediately after sentencing, Dean wanted to "go back in front of the judge" and "pull [his] plea," but plea counsel refused to do so because he did not believe the court was going to let Dean withdraw the plea. In sum, Dean argues that if plea counsel or the court had informed Dean that he was required to serve his sentence day-for-day before he entered his plea, he would have gone to trial instead of pleading guilty. We agree and find Dean has met his burden to prove ineffective assistance of counsel.

"In order to establish a claim for ineffective assistance of counsel, the [petitioner] must show that: (1) counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) counsel's deficient performance prejudiced the [petitioner's] case." *Speaks*, 377 S.C. at 399, 660 S.E.2d at 514 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The *Strickland* test requires a petitioner to make a showing on both prongs in order to prove ineffective assistance of counsel. *Strickland*, 466 U.S. at 687.

## 1.    Deficiency

Here, the PCR court held that plea counsel's performance was not deficient. We disagree and find Dean's and plea counsel's testimonies reveal Dean received erroneous sentencing advice.

"In the context of a guilty plea, the deficiency prong inquiry turns on whether the plea was voluntarily, knowingly, and intelligently entered." *Taylor*, 404 S.C. at

---

[1] Plea counsel did not clarify the law to which he was referring, but it appears he was referring to the Omnibus Crime Reduction and Sentencing Reform Act of 2010, which was passed shortly before Dean's plea. Act No. 273; 2010 S.C. Acts 1986. As codified under section 24-13-125(A) of the South Carolina Code (Supp. 2014), inmates may be required to serve only 80%—not 85%—of their sentence for certain offenses before they are eligible for work release. However, the 80% provision does not apply to one convicted of murder. *Id.*

360, 745 S.E.2d at 102. With regard to a PCR action, "[s]imply put, the first inquiry is whether trial counsel's advice was deficient." *Alexander v. State*, 303 S.C. 539, 542, 402 S.E.2d 484, 485 (1991). If a petitioner successfully proves his or her guilty plea was based on inaccurate sentencing advice from counsel, the deficiency prong has been satisfied. *Id.* at 542–43, 402 S.E.2d at 485 (finding counsel's sentencing advice was "obviously defective" because it was contrary to the sentencing ranges possible under the indictments and the law). However, "the transcript of the guilty plea hearing will be considered to determine whether information conveyed by the plea [court] cured any possible error made by counsel." *Burnett v. State*, 352 S.C. 589, 592, 576 S.E.2d 144, 145 (2003); *id.* at 593–94, 576 S.E.2d at 146 (finding any possible misunderstanding as to the petitioner's sentence was cured by the colloquy during the actual plea hearing).

In this case, plea counsel testified that prior to the plea, he discussed Dean's case with another trusted lawyer, who told him that Dean would be required to serve only 85% of whatever his sentence would be under "the new law." Plea counsel was then asked, "[D]id you specifically tell Mr. Dean that it would be eighty[-]five percent?" Plea counsel responded, "I don't remember the exact words[,] *but that was discussed*." (emphasis added). In the PCR hearing, plea counsel acknowledged Dean's surprise when he learned that he would have to serve his time day-for-day and not just 85% of the sentence. Counsel testified that after the plea, when they "got to the lock up[,] *Mr. Dean was highly upset with me* because the judge had said [day-for-day] at the end of the plea." (emphasis added). Dean also testified at the PCR hearing. Dean maintained that at the time of the plea, he was under the impression that he was going to have to serve only 85% of his sentence.

We find plea counsel's testimony that "[85%] was discussed," along with Dean's understanding that he would have to serve only 85% of his sentence, reveals that plea counsel's performance was deficient because he offered erroneous sentencing advice to Dean. *See Alexander*, 303 S.C. at 542–43, 402 S.E.2d at 485 (finding counsel's sentencing advice was "obviously defective" because it was contrary to the sentencing ranges possible under the indictments and the law). Moreover, Dean and plea counsel expressed surprise upon hearing the plea court explain to Dean that he would have to serve his sentence "day-for-day." At no time should plea counsel have discussed 85% with Dean because, even under "the new law," Dean would not be eligible for an early release after pleading guilty to murder. *See* S.C. Code Ann. § 24-13-125(A) (Supp. 2014) (finding one convicted of murder is not eligible for work release).

Notwithstanding plea counsel's deficient advice, this court still has to review the transcript of the guilty plea hearing to determine whether information conveyed by the plea court cured any possible error made by counsel. *See Burnett*, 352 S.C. at 592, 576 S.E.2d at 145. "[E]ven where counsel offers misinformation, this deficiency can be cured where the trial court properly informs the defendant about the sentencing range." *Bennett v. State*, 371 S.C. 198, 205 n.6, 638 S.E.2d 673, 676 n.6 (2006).

In this case, the plea court informed Dean that he was facing a sentence of thirty years' to life imprisonment with no recommendation from the solicitor, and Dean stated he still wished to plead guilty. Furthermore, the plea court informed Dean he would not be eligible for parole and twice stated his sentence would be "day-for-day." However, these day-for-day clarifications were not given until *after* Dean's plea was accepted.

We acknowledge that no South Carolina law directly addresses whether information conveyed during a plea hearing—but *after the plea has been accepted*—can cure plea counsel's deficient advice. Under the circumstances of this case, however, we find a clarification from the plea court would need to be given before the plea was accepted to have any curative effect. *See Holden v. State*, 393 S.C. 565, 574–75, 713 S.E.2d 611, 616 (2011) (finding the thorough plea colloquy given *before* the court accepted the plea cured any alleged deficiency in plea counsel's sentencing misadvice); *Bennett*, 371 S.C. at 205 n.6, 638 S.E.2d at 676 n.6 (same); *Moorehead v. State*, 329 S.C. 329, 333, 496 S.E.2d 415, 416–17 (1998) (finding the trial court cured any misconception about sentencing because it accurately informed the defendant of the plea agreement on the record *before accepting* the plea); *see also Burnett*, 352 S.C. at 593, 576 S.E.2d at 146 (finding the plea court "accepted Burnett's guilty pleas *only after* a very thorough questioning of Burnett's understanding of what rights he was waiving by pleading guilty, what his possible sentences were, and that the [court] had not agreed to give him any particular sentence" (emphasis added)); *see generally Roddy v. State*, 339 S.C. 29, 33, 528 S.E.2d 418, 421 (2000) ("To find a guilty plea is voluntarily and knowingly entered into, the record must establish the defendant had a full understanding of the consequences of his plea and the charges against him.").

Because we find the timing of the after-the-plea "day-for-day" instruction did not cure plea counsel's misadvice as to sentencing, we reverse the PCR court's finding that counsel's performance was not deficient. *See Palacio*, 333 S.C. at 513, 511

S.E.2d at 66 (finding reversal is warranted when no evidence of probative value supports the PCR court's decision).  Accordingly, we proceed to the second prong of the *Strickland* test to determine whether Dean was prejudiced by plea counsel's alleged deficiency.

## 2.    Prejudice

Under the second step of the inquiry, the prejudice prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  "In other words, in order to satisfy the 'prejudice' requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Id.*

To meet this burden, the petitioner need only testify that had plea counsel not misinformed him of the potential sentence, he would not have pled guilty. *Alexander*, 303 S.C. at 543, 402 S.E.2d at 485–86 (finding the petitioner's own testimony that he would have proceeded to trial but for counsel's misadvice as to sentencing was "the only evidence in the record on this point" and was sufficient to satisfy the prejudice prong of the *Strickland* test); *Jackson v. State*, 342 S.C. 95, 97–98, 535 S.E.2d 926, 927 (2000) (citing *Alexander* with approval and finding the petitioner satisfied the prejudice prong by simply providing testimony that he would not have pled guilty, but for trial counsel's misadvice); *Smith v. State*, 369 S.C. 135, 138, 631 S.E.2d 260, 261 (2006) ("The defendant's undisputed testimony that he would not have pled guilty to the charges but for trial counsel's advice is sufficient to prove that defendant would not have pled guilty." (citing *Jackson*, 342 S.C. at 97–98, 535 S.E.2d at 927; *Alexander*, 303 S.C. at 543, 402 S.E.2d at 485–86)).  *But see Stalk v. State*, 383 S.C. 559, 563, 681 S.E.2d 592, 595 (2009) ("[The] prejudice prong ordinarily requires more than simply a defendant's assertion that but for counsel's deficient performance he would not have pled but would have gone to trial."); *id.* at 562–63, 681 S.E.2d at 594–95 (finding the petitioner's prejudice claim was insufficient because it only alleged that his counsel was so unprepared that he felt coerced to plead guilty, but did not allege that any of counsel's advice affected whether he would have declined or accepted the plea offer).

Here, Dean maintained that, based on plea counsel's misadvice, he did not know he would have to serve his sentence day-for-day, and he testified that had he known that fact, he would not have pled.  Dean stated he heard "day-for-day" from the

plea court after his plea, but plea counsel did not inform him of this fact prior to that point.  As mentioned previously, plea counsel also confirmed Dean's surprise upon hearing he had to serve his sentence day-for-day.  Plea counsel stated that during the plea hearing, he did not hear the plea court's first comment that Dean's sentence would be served day-for-day.  Plea counsel stressed, "If the [plea court] would have said that at the beginning of the plea[,] *there is no doubt in my mind that the plea would have never taken place*."  (emphasis added).

The PCR court found Dean failed to prove plea counsel gave incorrect advice upon which Dean relied.  It also found that even assuming plea counsel misadvised Dean, such advice did not render Dean's plea involuntary because he pled "straight up" with no recommendation or negotiation, and he knew he was facing a potential life sentence.  The PCR court reasoned, "It would strain credulity to suggest that if [Dean] had been told that the thirty-year minimum sentence was to be served day[-]for[-]day, that he would not have pled guilty."  We note, however, that the PCR court did not make a credibility finding, but only acknowledged it did not agree with Dean's argument that he would have proceeded to trial but for counsel's misadvice.

Notwithstanding the fact that Dean was facing a potential life sentence, the potential penalty does not negate Dean's right to effective assistance of counsel and his right to proceed to trial.  Furthermore, if Dean had proceeded to trial and sought a charge of voluntary manslaughter, as he contends he would have, Dean could have faced a shorter sentencing range of only two to thirty years' imprisonment.  *See* S.C. Code. Ann. § 16-3-50 (2003).  Then, with a non-murder conviction under "the new law"—section 24-13-125(A)—Dean could be eligible for work release after serving 80% of his sentence.

In light of Dean's and plea counsel's testimonies that Dean would have proceeded to trial if Dean had been aware that he would have to serve his sentence day-for-day, we find the appendix contains no evidence to support the PCR court's ruling that Dean was not prejudiced by counsel's erroneous advice.  *Cf. Speaks*, 377 S.C. at 399, 660 S.E.2d at 514 (stating this court will uphold the PCR court's ruling if any evidence of probative value supports it).  Dean's testimony and plea counsel's corroboration of that testimony establishes Dean would have proceeded to trial and could have sought a charge for voluntary manslaughter, but for counsel's misinformation.  Therefore, we find Dean has satisfied his burden to prove the prejudice prong of the *Strickland* test.

**CONCLUSION**

Based on the foregoing reasoning, the decision of the PCR court is

**REVERSED.**

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**