659 S.E.2d 148

**Jonathan JAMES, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

**No. 26449.**

Supreme Court of South Carolina.

Submitted Jan. 23, 2008.

Decided March 10, 2008.

82

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General Salley W. Elliott, of Columbia, for Petitioner.

Evert Comer, Jr., of Denmark, for Respondent.

Chief Justice TOAL:

This is an appeal from a grant of post-conviction relief ("PCR") to Respondent Jonathan James. Respondent appeared in court for a plea hearing, and at the conclusion of the hearing, the plea court sentenced Respondent to seventeen years imprisonment. On collateral review, the PCR court found that Respondent never entered a plea of guilty and granted relief. This Court granted the State's request for a writ of certiorari. Because the record unequivocally reflects that Respondent entered a guilty plea, we reverse.

## FACTUAL/PROCEDURAL BACKGROUND

The State charged Respondent with several crimes as a result of a rather violent domestic disturbance involving Re-

spondent and his estranged wife.[1] Respondent appeared in court for a plea hearing roughly one week prior to the scheduled beginning of his trial, and immediately prior to the plea hearing, Respondent executed a "plea sheet"—a document which described several rights associated with a criminal trial and which required Respondent to list the offenses to which he desired to plead guilty as well as the maximum penalties for the charges. Respondent submitted this sheet to the plea court during the hearing, and at the conclusion of the hearing, the court sentenced Respondent to seventeen years imprisonment. Respondent appealed, and the court of appeals affirmed Respondent's convictions and sentence after performing a review of the case pursuant to the decision *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Respondent filed an application for PCR, contending that he did not voluntarily, knowingly, and intelligently enter a guilty plea. After a hearing, the PCR court granted relief. The PCR court held, "[u]pon examination of the entire record, it is apparent that [Respondent] never entered a guilty plea. He was never asked how he pled and never made any statement that could be construed as an admission of guilt." This Court granted the State's request for a writ of certiorari to review the PCR court's decision, and the State presents the following issue for review:

Did the PCR court err in finding that Respondent never entered a guilty plea?

## STANDARD OF REVIEW

This Court gives great deference to the PCR court's findings and conclusions. *Caprood v. State,* 338 S.C. 103, 109, 525 S.E.2d 514, 517 (2000) (*citing McCray v. State,* 317 S.C. 557, 455 S.E.2d 686 (1995)). A PCR court's findings will be upheld on review if there is any evidence of probative value supporting them. *Cherry v. State,* 300 S.C. 115, 119, 386 S.E.2d 624, 626 (1989). In the context of a challenge to a guilty plea, a PCR applicant must establish both that his plea counsel's representation was deficient and that there is a reasonable

---

1. Specifically, the State charged Respondent with assault and battery with intent to kill, first degree criminal sexual conduct, and first-degree burglary.

probability that but for counsel's deficient representation, the applicant would not have pled guilty. *Smith v. State*, 369 S.C. 135, 137, 631 S.E.2d 260, 261 (2006) (*citing Hill v. Lockhart*, 474 U.S. 52, 56–58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

## LAW/ANALYSIS

█ The State argues that the PCR court erred in finding that Respondent never entered a guilty plea. We agree.

█ There are two fatal flaws in the PCR court's order. The first relates to the court's conclusion that Respondent never made any statement that could be construed as an admission of guilt. As a primary matter, it is well-settled that a defendant need not admit guilt in order to enter a valid guilty plea. *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Instead, a guilty plea need only represent a voluntary and intelligent choice among alternative courses of action open to the defendant. *Id.* For this reason, the implication that an admission of guilt is a necessary prerequisite to a guilty plea does not accurately characterize the law.

But this point is not determinative, because even if a guilty plea required an admission of guilt, Respondent admitted his guilt at the plea hearing. The solicitor at the hearing recounted the factual basis for the charges at length, and when the court asked Respondent if he had anything to offer, he responded, "This time it just got out of control that night, and I wasn't going to kill her, I know I wasn't going to—it just got out of control, it got out of hand[,] and I'm sorry." In light of this statement, the PCR court's conclusion that Respondent did not admit his guilt at the plea hearing is directly contrary to the evidence in the record.

The second flaw in the PCR court's order is in its attachment of unnecessary significance to the fact that the plea court never specifically asked Respondent "how do you plea?" The argument goes that the plea court's failure to ask this question is tantamount to a failure by Respondent to enter a plea. In our opinion, however, this failure is not fatal to the plea's validity.

Respondent incorrectly focuses only on the fact that the plea court did not specifically ask for his plea. The transcript

of the plea hearing cannot be viewed in isolation, but must be considered in the full context of the record. *Harres v. Leeke,* 282 S.C. 131, 133, 318 S.E.2d 360, 361 (1984); *State v. Lambert,* 266 S.C. 574, 579, 225 S.E.2d 340, 342 (1976). This context requires that we consider both the transcript and Respondent's conduct relating to the execution of the written plea sheet.

The plea sheet is instructive because it contains a written manifestation of Respondent's desire to plead guilty and was executed by Respondent immediately prior to the plea hearing. Respondent submitted the sheet to the court during the plea hearing, and the court examined Respondent regarding the information provided in the plea sheet during the hearing. Respondent indicated to the plea court that his attorney reviewed the plea sheet with him and that his answers were true and correct. This indication, that the answers provided in the plea sheet were correct, is the most instructive. This presumably applies to Respondent's affirmative response to the final question on the sheet which reads "Are you pleading guilty freely and voluntarily?" The plea sheet and Respondent's conduct at the plea hearing thus unequivocally expressed his desire to plead guilty.[2]

Accordingly, we hold that the PCR court erred in determining that Respondent did not enter a guilty plea.

## CONCLUSION

For the foregoing reasons, we reverse the PCR court's grant of relief.

MOORE, WALLER and BEATTY, JJ., concur.
PLEICONES, J., concurring in result only.

---

**2.** Similarly, the plea court's imposition of a sentence clearly evidences that the court accepted Respondent's plea. *Cf. Gaines v. State,* 335 S.C. 376, 381, 517 S.E.2d 439, 441–42 (1999) (providing that "[t]he clear implication is that the trial judge found the pleas voluntary[,] otherwise he would not have entered [the] sentences.").

Interestingly, the record in the instant case also contains three "sentencing sheets"—documents executed by both Respondent and the plea court containing the caption of Respondent's case, a criminal charge, an indication that Respondent has pled guilty to the listed charge, and a sentence for the listed charge. This evidence further undercuts the proposition that Respondent never pled guilty.