681 S.E.2d 592

**James STALK, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 26697.**

Supreme Court of South Carolina.

Submitted May 28, 2009.

Decided Aug. 10, 2009.

Rehearing Denied Sept. 3, 2009.

Chief Appellate Defender Joseph L. Savitz, III, of South Carolina Commission on Indigent Defense, of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General David Spencer, all of Columbia, for Respondent.

Justice PLEICONES:

We granted petitioner's (Stalk's) petition for a writ of certiorari to review a Court of Appeals decision which reversed a circuit court order granting Stalk post-conviction relief (PCR). *Stalk v. State*, 375 S.C. 289, 652 S.E.2d 402 (Ct.App.2007). We affirm as modified.

## FACTS/PROCEDURAL HISTORY

Stalk pleaded guilty to twelve charges[1] and received an aggregate sentence of fifty years. He took no direct appeal, but filed a PCR application which was granted after an evidentiary hearing, the PCR judge finding Stalk's plea counsel rendered ineffective assistance. The Court of Appeals granted the State's petition for a writ of certiorari to review that order.

A claim of ineffective assistance of guilty plea counsel requires the applicant present evidence satisfying two prongs: first, evidence that counsel's performance was deficient; and

---

1. Seven counts of second degree burglary, four counts of grand larceny, and one count of resisting arrest.

second, evidence that the applicant was prejudiced by that deficiency. *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Plea counsel is ineffective within the meaning of the Sixth Amendment only when the applicant satisfies both requirements. *Id.* In its opinion, the Court of Appeals reversed, finding no evidence that counsel was "ineffective" or any evidence that Stalk was prejudiced by counsel's "ineffectiveness." In its analysis, the Court of Appeals mislabeled as "Ineffective Assistance of Counsel" the section analyzing whether there was evidence to support the PCR judge's finding that Stalk had shown plea counsel's "deficient performance." We modify the Court of Appeals' opinion to the extent that it confuses the requirement that Stalk must show deficient performance, with the ultimate question: whether he has demonstrated ineffective assistance of counsel entitling him to PCR.

## ISSUE

Did the Court of Appeals misapprehend the prejudice standard in a guilty plea ineffective assistance of counsel claim?

## ANALYSIS

■ Stalk maintains that, assuming that he has shown counsel's performance to be deficient, in order to obtain PCR he need only present testimony that but for that deficient performance, he would not have pleaded guilty but would have insisted on going to trial. Stalk maintains that the question whether counsel's deficient act(s) of omission or commission would have led to evidence which in turn would have affected the decision to plead guilty goes to the "deficiency prong" rather than to the "prejudice prong" of an ineffective assistance claim. He therefore argues the Court of Appeals in this case misapplied the ineffective assistance of plea counsel test. We find no error in the Court of Appeals' prejudice analysis.

In *Hill,* the United States Supreme Court explained:

We hold, therefore, that the two-part *Strickland v. Washington*[466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)] test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson, supra,*[411

U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973)] and
*McMann v. Richardson, supra*[397 U.S. 759, 90 S.Ct. 1441,
25 L.Ed.2d 763 (1970)]. The second, or "prejudice," re-
quirement, on the other hand, focuses on whether counsel's
constitutionally ineffective performance affected the out-
come of the plea process. In other words, in order to
satisfy the "prejudice" requirement, the defendant must
show that there is a reasonable probability that, but for
counsel's errors, he would not have pleaded guilty and
would have insisted on going to trial.

In many guilty plea cases, the "prejudice" inquiry will
closely resemble the inquiry engaged in by courts reviewing
ineffective-assistance challenges to convictions obtained
through a trial. For example, where the alleged error of
counsel is a failure to investigate or discover potentially
exculpatory evidence, the determination whether the error
"prejudiced" the defendant by causing him to plead guilty
rather than go to trial will depend on the likelihood that
discovery of the evidence would have led counsel to change
his recommendation as to the plea. This assessment, in
turn, will depend in large part on a prediction whether the
evidence likely would have changed the outcome of a trial.
Similarly, where the alleged error of counsel is a failure to
advise the defendant of a potential affirmative defense to
the crime charged, the resolution of the "prejudice" inquiry
will depend largely on whether the affirmative defense
likely would have succeeded at trial. See, *e.g., Evans v.
Meyer,* 742 F.2d 371, 375 (C.A.7, 1984) ("It is inconceivable
to us ... that [the defendant] would have gone to trial on a
defense of intoxication, or that if he had done so he either
would have been acquitted or, if convicted, would neverthe-
less have been given a shorter sentence than he actually
received"). As we explained in *Strickland v. Washington,
supra,* these predictions of the outcome at a possible trial,
where necessary, should be made objectively, without re-
gard for the "idiosyncrasies of the particular decision mak-
er." *Id.,* 466 U.S., at 695, 104 S.Ct., at 2068.

*Hill,* 474 U.S. at 58–59, 106 S.Ct. 366 (footnote omitted).

The Court of Appeals followed *Hill* when it engaged in a
prejudice analysis and found no evidence to support the PCR
judge's finding that Stalk had met his burden. Stalk's preju-
dice claim rested on his assertion that his attorney was so

unprepared that Stalk felt coerced into pleading guilty. We agree with the Court of Appeals that to meet his prejudice burden Stalk was required to prove more than the fact of counsel's inattentiveness, which is the "deficiency." For example, Stalk needed to present some evidence that had counsel done an investigation he would have found a witness or evidence that was helpful to Stalk, that is, something that would have affected counsel's advice to Stalk to accept the plea bargain offered or that would have caused Stalk to decline to accept it. Although appellate courts frequently "short-hand" the prejudice prong in a guilty plea ineffective assistance claim as "but for the deficient performance is there a reasonable probability that the defendant would not have pleaded guilty but would have insisted on going to trial," *Hill* makes clear that this prejudice prong ordinarily requires more than simply a defendant's assertion that but for counsel's deficient performance he would not have pled but would have gone to trial. We find no error in this portion of the Court of Appeals decision.

## CONCLUSION

The decision of the Court of Appeals is **AFFIRMED AS MODIFIED.**

TOAL, C.J., WALLER and BEATTY, JJ., concur. KITTREDGE, J., not participating.