713 S.E.2d 611

**Kelle HOLDEN, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

**No. 27012.**

Supreme Court of South Carolina.

Submitted June 22, 2011.

Decided July 25, 2011.

566

---

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General

Salley W. Elliott, Assistant Attorney General Karen Ratigan, all of Columbia, for Petitioner.

Appellate Defender Elizabeth A. Franklin–Best, of South Carolina Commission on Indigent Defense, of Columbia, for Respondent.

Justice BEATTY.

This Court granted the State's petition for a writ of certiorari to review the circuit court's order granting post-conviction relief (PCR) to Kelle Holden as to her guilty plea. The State contends the circuit court judge erred in finding plea counsel ineffective for failing to adequately (1) discuss the charges with Holden, and (2) explain to Holden that she was pleading guilty without a sentence recommendation from the State. We reverse.

## I. Factual/Procedural History

In 2005, Holden was arrested and indicted for numerous charges stemming from her participation, along with several other co-defendants, in a series of car break-ins that occurred in Greenville County over a six-month period. Following her arrest, Holden cooperated with law enforcement and gave a statement regarding her involvement.

On July 17, 2006, Holden pled guilty to the following charges: (1) one count of possession of methamphetamine; (2) three counts of grand larceny; (3) three counts of possessing or receiving stolen goods; (4) two counts of breaking and entering a motor vehicle; and (5) one count of attempted breaking and entering a motor vehicle.[1]

The plea judge sentenced Holden to the following concurrent terms of imprisonment: three years for possession of methamphetamine; ten years, suspended during probation, for count one of possessing or receiving stolen goods; five years for attempted breaking and entering a motor vehicle; five years for each count of grand larceny; and five years for each count of breaking and entering a motor vehicle. Additionally, the plea judge sentenced Holden to seven years for

---

1. The State *nol prossed* fifty-six other charges in consideration of Holden's decision to plead guilty.

count two of possessing or receiving stolen goods; and ten years, suspended on time served and five years' probation, for count three of possessing or receiving stolen goods. These sentences were to run consecutive to the three-year sentence for possession of methamphetamine. Ultimately, Holden received an active sentence of ten years' imprisonment.

Holden appealed her guilty plea and sentences to the Court of Appeals. She, however, voluntarily chose to withdraw her appeal. After the Court of Appeals dismissed the appeal, Holden filed a timely application for PCR in which she alleged that ineffective assistance of plea counsel rendered her guilty plea involuntary.

During the PCR hearing, Holden's plea counsel testified that Holden had sixty-four charges pending against her when he was retained as counsel. He further stated that he met with Holden "two or three times" prior to the guilty plea proceeding. Although counsel did not bring Holden's file to the hearing, he recalled that he "went over the incidents and the charges," discussed the impact of the State's evidence, and discussed the possibility of a plea with Holden during their meetings.

In terms of the plea, counsel testified he received a letter from the solicitor's office four days prior to Holden's guilty plea, wherein the State offered to drop fifty-six charges in exchange for Holden's plea, but declined to offer a sentence recommendation. The letter also stated that the offer would remain open for four months. Counsel further testified he informed Holden that "she might get three, four, [or] five years," but maintained he could not guarantee such a sentence as "[t]he judge could give her more time." Counsel testified that he attempted to procure a sentence recommendation from the solicitor's office, but was unsuccessful. According to counsel, he explained to Holden that there was no sentence recommendation from the State and that she could potentially receive the maximum sentence on each of the indicted charges. Counsel claimed Holden never informed him that she wanted to go to trial.

Holden testified she met with plea counsel on two occasions prior to the guilty plea proceeding. Although Holden acknowledged that counsel discussed the facts of the cases with

her, she characterized the length of the discussions as "[v]ery little." According to Holden, plea counsel never reviewed discovery with her and did not discuss the elements of the pending charges. As to sentencing, Holden claimed counsel told her "about [the State] dropping the charges" in consideration of her decision to plead guilty and that she "would probably get probation, but no more than three years."[2]

When asked about the plea proceeding, Holden acknowledged the judge had questioned her regarding her decision to plead guilty and had discussed the maximum sentences for each of the charges. Holden also recalled the solicitor's statement that there was no sentence recommendation. At the conclusion of her cross-examination testimony, Holden admitted she would not have filed the PCR application had she received less than a three-year sentence.

By written order, the PCR judge granted Holden's requested relief. In prefacing his decision, the PCR judge specifically found that plea counsel's testimony was "not credible" and noted that counsel "failed to bring his criminal defense file to the evidentiary hearing, even though his subpoena instructed him to do so."

As to plea counsel's representation, the PCR judge found that counsel failed to adequately discuss with Holden the State's evidence and the elements of the charges. The judge reasoned that counsel did not have enough time to thoroughly discuss the State's plea offer and its ramifications as the plea offer, which was to dismiss fifty-six charges, was tendered on the Thursday before the Monday plea proceeding.

The judge further concluded that plea counsel "misadvised [Holden] about the sentence she would receive if she accepted the State's plea offer and entered a guilty plea." In reaching this conclusion, the judge referenced testimony from the hearing where "plea counsel assured [Holden that] she would receive a sentence of less than three (3) years and probation if she pled guilty." The judge found that "[t]his was clearly not the case, as the State's offer was for [Holden] to plead guilty

---

2. Holden's mother, who testified at the PCR hearing, offered similar testimony wherein she stated plea counsel told her that Holden would receive twenty-four months of probation and be required to pay restitution.

without a sentence recommendation." The judge further found that plea counsel's error was not cured by the solicitor's statement at the guilty plea proceeding regarding the lack of a sentence recommendation.

Finally, the judge ruled Holden had established that plea counsel did not provide effective assistance. As a result, the judge vacated Holden's convictions and remanded for a new trial.

This Court granted the State's petition for a writ of certiorari to review the decision of the PCR judge.

## II. Discussion

### A.

In challenging the PCR judge's order, the State contends the PCR judge erred in finding plea counsel ineffective for failing to adequately discuss with Holden the State's evidence and the elements of the charges. Additionally, the State asserts the PCR judge erred in finding plea counsel ineffective for failing to adequately explain to Holden that she was pleading guilty without a sentence recommendation from the State.

In support of these assertions, the State claims there is evidence that plea counsel sufficiently reviewed with Holden the charges and the lack of a sentence recommendation. Even assuming that plea counsel was deficient, the State maintains that Holden was not prejudiced as the plea judge read each of the indictments, which contained the elements of each crime charged, and the solicitor presented a factual recitation that formed the basis for the charges. Moreover, the State relies on the guilty plea transcript, which indicates that Holden was fully advised of the maximum sentences she was facing and that she was pleading guilty without a sentence recommendation.

Essentially, the State claims the plea colloquy cured any alleged deficiency in plea counsel's representation in advising Holden of the nature of the charges, the maximum sentences she was facing, and the lack of a sentence recommendation on the part of the State.[3]

---

3. The State also contends that any prejudice Holden may have suffered as a result of counsel's alleged errors was negated by the overwhelming

## B.

██ The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel. U.S. Const. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Lomax v. State*, 379 S.C. 93, 665 S.E.2d 164 (2008). "There is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment in making all significant decisions in the case." *Ard v. Catoe*, 372 S.C. 318, 331, 642 S.E.2d 590, 596 (2007).

██ The United States Supreme Court has created a two-pronged test to establish ineffective assistance of counsel by which a PCR applicant must show (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defendant. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052; *Cherry v. State*, 300 S.C. 115, 386 S.E.2d 624 (1989). The two-part test adopted in *Strickland* also "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). "Plea counsel is ineffective within the meaning of the Sixth Amendment only when the applicant satisfies both requirements." *Stalk v. State*, 383 S.C. 559, 561, 681 S.E.2d 592, 593 (2009).

██ "A defendant who enters a plea on the advice of counsel may only attack the voluntary and intelligent character of a plea by showing that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty, but would have insisted on going to trial." *Rolen v. State*, 384 S.C. 409, 413, 683 S.E.2d 471, 474 (2009).

██ "To find a guilty plea is voluntarily and knowingly entered into, the record must establish the defendant had a full understanding of the consequences of his plea and the charges against him." *Roddy v. State*, 339 S.C. 29, 33, 528 S.E.2d 418, 421 (2000). "A defendant's knowing and voluntary

---

evidence of Holden's guilt. As will be discussed, we find it unnecessary to address this argument as the State's primary arguments are meritorious.

waiver of the constitutional rights which accompany a guilty plea 'may be accomplished by colloquy between the Court and the defendant, between the Court and defendant's counsel, or both.'" *Pittman v. State,* 337 S.C. 597, 599, 524 S.E.2d 623, 625 (1999) (quoting *State v. Ray,* 310 S.C. 431, 437, 427 S.E.2d 171, 174 (1993)). "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill,* 474 U.S. at 56, 106 S.Ct. 366 (quoting *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)).

▉▉▉▉ "In determining guilty plea issues, it is proper to consider the guilty plea transcript as well as evidence at the PCR hearing." *Suber v. State,* 371 S.C. 554, 558, 640 S.E.2d 884, 886 (2007). "Specifically, the voluntariness of a guilty plea is not determined by an examination of a specific inquiry made by the sentencing judge alone, but is determined from both the record made at the time of the entry of the guilty plea, and also from the record of the PCR hearing." *Roddy,* 339 S.C. at 33, 528 S.E.2d at 420.

▉▉▉▉ "This Court gives great deference to the post-conviction relief (PCR) court's findings of fact and conclusions of law." *Dempsey v. State,* 363 S.C. 365, 368, 610 S.E.2d 812, 814 (2005). In reviewing the PCR judge's decision, an appellate court is concerned only with whether any evidence of probative value exists to support that decision. *Smith v. State,* 369 S.C. 135, 138, 631 S.E.2d 260, 261 (2006). This Court will uphold the findings of the PCR judge "if there is any evidence of probative value sufficient to support them." *Dempsey,* 363 S.C. at 368, 610 S.E.2d at 814. "If no probative evidence exists to support the findings, the Court will reverse." *Id.* at 368–69, 610 S.E.2d at 814.

## C.

▉▉▉▉ Initially, we acknowledge the PCR judge's finding that plea counsel's testimony was not credible.[4] We, however,

---

4. *See Solomon v. State,* 313 S.C. 526, 529, 443 S.E.2d 540, 542 (1994) (recognizing that appellate courts give great deference to a PCR court's finding when matters of credibility are involved).

conclude that plea counsel's lack of credibility is not determinative of whether counsel was ineffective. Even if plea counsel's testimony was not credible, Holden's testimony refutes the PCR judge's conclusion that Holden received ineffective assistance of counsel. Moreover, any deficiency on the part of plea counsel was cured by the plea colloquy.

During the PCR hearing, Holden testified plea counsel informed her that the State would dismiss certain charges in consideration of her decision to plead guilty. She also acknowledged that she discussed the facts of the cases with plea counsel prior to the plea proceeding. Although Holden believed she would receive no more than a three-year sentence, she admitted that plea counsel never discussed or presented a sentence recommendation from the State. Significantly, Holden never testified that she would not have pled guilty if plea counsel had properly explained the charges, the elements of the offenses, or reviewed the State's evidence with her.

Additionally, a review of the plea proceeding reveals that Holden was clearly aware of the elements of the charged offenses, the State's evidence as to the charges, and the potential sentences.

Throughout the proceeding, the plea judge thoroughly questioned Holden about her decision to plead guilty. Initially, the judge read through each of the indictments that outlined the charged offenses. After the solicitor presented a factual recitation and stated that there was no sentencing recommendation, Holden acknowledged that she wished to plead guilty. The judge then instructed Holden regarding the maximum sentences that she could receive for each offense. Following these instructions, Holden stated she understood the nature of the charges and the possible sentences. The judge then specifically identified each of the constitutional rights that Holden would be waiving by pleading guilty. Holden acknowledged the consequences of pleading guilty and admitted she was guilty of the charged offenses. Holden also denied that she had been promised anything to get her to plead guilty. Based on the comprehensive questioning and Holden's answers, the plea judge accepted Holden's plea and determined that it was knowing and voluntary.

In view of this evidence, we conclude that any alleged deficiency in plea counsel's representation was cured by the plea colloquy. *See Bennett v. State,* 371 S.C. 198, 205 n. 6, 638 S.E.2d 673, 676 n. 6 (2006) (reversing grant of PCR and stating that "even where counsel offers misinformation, this deficiency can be cured where the trial court properly informs the defendant about the sentencing range"); *Burnett v. State,* 352 S.C. 589, 576 S.E.2d 144 (2003) (reversing grant of PCR and holding that even if plea counsel erroneously informed defendant that his sentence would only be three years, the information conveyed at the plea hearing cured any misconception caused by counsel's alleged inaccurate advice); *Moorehead v. State,* 329 S.C. 329, 333, 496 S.E.2d 415, 417 (1998) (reversing grant of PCR on the ground that there was no evidence to support the PCR judge's finding that applicant received ineffective assistance of counsel due to erroneous sentencing advice where "any misconception was cured at the plea hearing"); *Wolfe v. State,* 326 S.C. 158, 165, 485 S.E.2d 367, 370 (1997) (reversing grant of PCR and recognizing that in considering an allegation on PCR that a guilty plea was based on inaccurate advice of counsel, the transcript of the guilty plea hearing will be considered to determine whether any possible error by counsel was cured by the information conveyed at the plea hearing).

Furthermore, on each of the sentencing sheets there is a "checked" box indicating that the plea was "Without Negotiations or Recommendation." By signing each of these forms, Holden manifested her desire to plead guilty and acknowledged the lack of a sentence recommendation. *See James v. State,* 377 S.C. 81, 85, 659 S.E.2d 148, 150 (2008) (reversing grant of PCR as to applicant's guilty plea where plea sheet and applicant's conduct at plea hearing expressed applicant's desire to plead guilty).

Finally, we find that PCR was not warranted as Holden's primary complaint regarding plea counsel's representation was that she did not receive a sentence of less than three years. As evidenced by the above-outlined testimony, it is clear that Holden hoped and expected to get a lesser sentence. However, "[w]ishful thinking regarding sentencing does not equal a misapprehension concerning the possible range of sentences, especially where one acknowledges on the

record that one knows the range of sentences and that no promises have been made." *Wolfe,* 326 S.C. at 165, 485 S.E.2d at 371.

Based on the foregoing, we find there is no probative evidence to support the PCR judge's finding that Holden received ineffective assistance of counsel with respect to her guilty plea.

## III. Conclusion

In conclusion, we reverse the decision of the PCR judge and reinstate Holden's guilty plea as the record does not support the PCR's judge's finding that Holden received ineffective assistance of counsel.

**REVERSED.**

TOAL, C.J., PLEICONES, KITTREDGE, JJ., concur. HEARN, J., not participating.