THIS OPINION HAS NO
 PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Marcus Martin, Respondent,
v.
State of South Carolina, Petitioner.
 
 
 

Appeal From Anderson County
 John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2011-UP-489
Heard October 19, 2011  Filed November 2,
 2011 

REVERSED AND REMANDED

 
 
 
Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Respondent.
Attorney General Alan M. Wilson, Chief Deputy Attorney General
 John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 Assistant Attorney General A. West Lee, and Assistant Attorney General Kaelon
 E. May, all of Columbia, for Appellant.
 
 
 

PER CURIAM: In this post-conviction relief (PCR) case, the State
 appeals the PCR court's grant of PCR to Marcus Martin regarding his guilty plea
 to a number of crimes.  We reverse and remand for an additional finding by the
 PCR court.
Martin was indicted for one count of murder, two counts of armed
 robbery, one count of assault and battery with intent to kill, one count of possession
 of a firearm during the commission of a violent crime, and one count of
 criminal conspiracy.  After jury voir dire, his counsel notified the plea court
 that he agreed to plead guilty to all of the charges.  The plea court proceeded
 with its colloquy, and it eventually accepted the plea as made knowingly and
 voluntarily.  During the plea hearing, however, the plea court did not define
 or explain the elements of the charges to Martin, and Martin's counsel did not
 confirm to the plea court that he had done so.  
Martin subsequently applied for PCR, alleging his plea counsel was
 ineffective because his plea was not knowing and voluntary.  At the PCR
 hearing, Martin testified (1) he did not understand the elements of the crimes
 he plead to and (2) his plea counsel did not explain those elements to him.  Despite
 this allegation, plea counsel testified he explained the elements to Martin,
 and in its order addressing Martin's application, the PCR court found plea
 counsel's testimony credible.  However, the PCR court explicitly stated that it
 must disregard that testimony because "[t]he record at the time of the
 plea must comport with due process requirements.  The record cannot be propped
 up at a later time."  The PCR court then found that during the plea
 hearing the plea court did not explain the charges to Martin and Martin's
 counsel did not confirm that he had done so.  Consequently, the PCR court held
 the plea was not knowing and voluntary, and it granted PCR.  This appeal
 followed.
The
 State argues the PCR court erred in granting PCR because the PCR court
 explicitly disregarded plea counsel's testimony that he explained the elements
 of the crime to Martin even though the PCR court also found that testimony
 credible.  We agree.
On appeal from PCR proceedings, this court
 must affirm the findings and holdings of the PCR court unless the findings are
 not supported by "any evidence of probative value" or the holdings are "controlled by an error of law."  Bailey v. State, 392 S.C. 422, 432, 709 S.E.2d 671,
 676 (2011).  "A defendant who enters a plea on the advice of counsel may
 only attack the voluntary and intelligent character of a plea by showing that
 counsel's representation fell below an objective standard of reasonableness and
 that" he was prejudiced by counsel's errors.  Rolen v. State, 384
 S.C. 409, 413, 683 S.E.2d 471, 474 (2009).  In
 determining whether plea counsel was ineffective for permitting the defendant to
 plead guilty, the ultimate test is not the plea court's explanations or questions
 or the plea counsel's answers; rather, the test is the extent of the defendant's
 understanding revealed by the entire record, including
 evidence admitted at the PCR hearing.  See Holden v. State, 393 S.C. 565, 572-74, 713
 S.E.2d 611, 615-16 (2011); Rolen, 384 S.C. at 413, 683 S.E.2d  474.
Here, the PCR court failed to consider the
 entire record.  It explicitly found credible plea counsel's testimony that he explained the elements of
 the crimes to Martin.  Yet the PCR court ignored that testimony simply because it was not presented at the time of the plea.  Therefore, the PCR court's
 decision is affected by an error of law.  
 Despite plea counsel's testimony, Martin testified he
 did not understand the elements of the charges against him, and the order
 granting PCR did not make a finding as to whether Martin understood those
 elements.  Therefore, we reverse and remand for a finding of whether Martin in
 fact understood the elements of the crimes he plead to.  In making this
 finding, the PCR court must consider the entire record.  If Martin did not
 understand the elements, the PCR court must find whether this lack of
 understanding prejudiced him.  If Martin did understand the elements, his plea was
 knowing and voluntary and plea counsel was not ineffective for permitting the
 plea.[1] 
REVERSED AND REMANDED.
FEW, C.J., and THOMAS and KONDUROS, JJ., concur.

[1] During oral argument, Martin conceded that the record reflected a sufficient factual basis for the plea, description of sentencing maximums and minimums, and explanation of the constitutional rights waived.