THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals
 

 
 
 
 Cookie Tracey Medlock, Petitioner,
 
 
 

v.

 
 
 
 State of South Carolina, Respondent.
 
 
 

Appeal from Horry County
James E. Lockemy, Circuit Court Judge

Unpublished Opinion No. 2011-UP-497
Heard October 3, 2011  Filed November 7, 2011    

AFFIRMED

 
 
 
 Appellate Defender M. Celia Robinson and Appellate Defender Dayne C. Phillips, both of Columbia, for
 Petitioner.
 Attorney General Alan Wilson, Chief Deputy Attorney General John W.
 McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant
 Attorney General Christina J. Catoe, all of Columbia, for Respondent. 
 
 
 

PER
 CURIAM:  Cookie Tracey Medlock pled guilty to leaving the scene of an
 accident resulting in death and was sentenced to nineteen years' imprisonment
 without the possibility of parole.  Medlock appeals the PCR court's order
 denying her application for post-conviction relief, alleging ineffective
 assistance of counsel.  Specifically, Medlock argues that counsel's deficient
 performance resulted in her receiving an unduly harsh sentence.  We affirm.
We hold
 the PCR court properly denied Medlock's application for post-conviction
 relief.  In order to establish a claim for ineffective assistance of guilty
 plea counsel, a PCR applicant must prove: (1) counsel's performance was
 deficient; and (2) the deficient performance prejudiced the applicant's case.  Stalk
 v. State, 383 S.C. 559, 560-61, 681 S.E.2d 592, 593 (2009).  "[I]n
 order to satisfy the 'prejudice' requirement, the defendant must show that
 there is a reasonable probability that, but for counsel's errors he would not
 have pleaded guilty and would have insisted on going to trial."  Id. at 562, 681 S.E.2d at 594.
Even if
 Medlock had proven counsel's performance was deficient, she failed to meet her
 burden to establish prejudice. During the PCR hearing, Medlock testified she
 decided to plead guilty because she did leave the scene of the accident. 
 Further, she acknowledged five of the six charges against her were dropped as
 part of the plea negotiation.  In addition, counsel testified Medlock told him
 she did not wish to put the families of the victims through a trial.  At no
 time during the PCR hearing did Medlock counter counsel's testimony. 
 Significantly, Medlock did not testify she would not have pled guilty absent
 the purported errors made by counsel. See Smith v. State, 369
 S.C. 135, 138-39, 631 S.E.2d 260, 261-62 (2006) (stating where a PCR applicant
 fails to testify that he would have gone to trial instead of pleading guilty,
 he cannot meet his burden to show prejudice). Therefore, Medlock failed to
 prove that any deficient performance by plea counsel prejudiced her case.  
AFFIRMED.
SHORT,
 WILLIAMS, AND GEATHERS, JJ., concur.