**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Troy Robinson, Respondent,

v.

State of South Carolina, Petitioner.

Appellate Case No. 2011-198349

———————

**ON WRIT OF CERTIORARI**

———————

Appeal From Bamberg County
Doyet A. Early, III, Plea Judge
James R. Barber, III, Post-Conviction Relief Judge

———————

Unpublished Opinion No. 2015-UP-299
Heard April 14, 2015 – Filed June 24, 2015

———————

**REVERSED**

———————

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant Attorney General David A. Spencer, all of Columbia, for Petitioner.

Appellate Defender Robert M. Pachak and Appellate Defender Benjamin John Tripp, both of Columbia, for Respondent.

---

**PER CURIAM:** The State appeals the order of the circuit court granting Troy Robinson post-conviction relief (PCR). We find the circuit court erred in holding Robinson was prejudiced by plea counsel's allegedly deficient performance. *See Terry v. State*, 383 S.C. 361, 370, 680 S.E.2d 277, 282 (2009) (providing a PCR applicant has the burden of establishing he is entitled to relief); *Stalk v. State*, 383 S.C. 559, 562, 681 S.E.2d 592, 594 (2009) ("'[The prejudice requirement] focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)) (internal quotation marks omitted)).

**REVERSED.**

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**