**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Whelthy McKune, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2012-212676

Appeal From Lexington County
William P. Keesley, Circuit Court Judge

Unpublished Opinion No. 2016-UP-012
Heard November 3, 2015 – Filed January 13, 2016

**AFFIRMED**

Tricia A. Blanchette, of the Law Office of Tricia A. Blanchette, LLC, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Assistant Attorney General John Walter Whitmire, and Assistant Attorney General Patrick Lowell Schmeckpeper, all of Columbia, for Respondent.

**PER CURIAM:** In this post-conviction relief (PCR) matter, Petitioner Whelthy McKune appeals the PCR court's order denying his PCR application, alleging

ineffective assistance of counsel. Specifically, McKune argues plea counsel was ineffective for (1) failing to adequately prepare for and investigate his case, (2) failing to adequately explain the State's position on sentencing, (3) failing to object or move to withdraw McKune's guilty plea at sentencing, and (4) failing to present a viable defense on McKune's behalf at the reconsideration hearing. We disagree and affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Stalk v. State*, 383 S.C. 559, 560–61, 681 S.E.2d 592, 593 (2009) (stating that in order to establish a claim for ineffective assistance of plea counsel, a PCR applicant must prove: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the applicant's case); *Edwards v. State*, 392 S.C. 449, 455, 710 S.E.2d 60, 64 (2011) ("In reviewing a PCR court's decision, an appellate court is concerned only with whether there is any evidence of probative value that supports the decision."); *Holden v. State*, 393 S.C. 565, 573, 713 S.E.2d 611, 615 (2011) (finding appellate courts give great deference to the PCR court's findings of fact and conclusions of law); *Wolfe v. State*, 326 S.C. 158, 164, 485 S.E.2d 367, 370 (1997) ("A defendant who pleads guilty on the advice of counsel may only attack the voluntary and intelligent character of the plea by showing (1) that counsel's representation fell below an objective standard of reasonableness and (2) that there is a reasonable probability that but for counsel's errors, the defendant would not have pleaded guilty but would have insisted on going to trial."); *Moorehead v. State*, 329 S.C. 329, 334, 496 S.E.2d 415, 417 (1998) ("Failure to conduct an independent investigation does not constitute ineffective assistance of counsel when the allegation is supported only by mere speculation as to the result."); *Lounds v. State*, 380 S.C. 454, 462, 670 S.E.2d 646, 650 (2008) ("[W]hen counsel articulates a valid reason for employing a certain strategy, such conduct generally will not be deemed ineffective assistance of counsel." (emphasis omitted)); *Drayton v. Evatt*, 312 S.C. 4, 11, 430 S.E.2d 517, 521 (1993) ("[Appellate courts] give great deference to a [PCR court's] findings where matters of credibility are involved since [appellate courts] lack the opportunity to directly observe the witnesses."); *Strickland v. Washington*, 466 U.S. 668, 700 (1984) ("Failure to make the required showing of either deficient performance or sufficient prejudice defeats [an] ineffectiveness claim."); *Stalk*, 383 S.C. at 562, 681 S.E.2d at 594 ("[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."); *Hutto v. State*, 387 S.C. 244, 249, 692 S.E.2d 196, 198 (2010) ("No prejudice occurs, despite deficient performance, when there is overwhelming evidence of guilt.").

**AFFIRMED.**

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**