**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James Clayton Helms, Respondent,

v.

State of South Carolina, Petitioner.

Appellate Case No. 2012-210227

———————————

Appeal From Lexington County
R. Knox McMahon, Plea Judge
Eugene C. Griffith, Jr., Post-Conviction Relief Judge

———————————

Unpublished Opinion No. 2016-UP-011
Heard October 13, 2015 – Filed January 13, 2016

———————————

**AFFIRMED**

———————————

Attorney General Alan McCrory Wilson, Assistant Attorney General Patrick Lowell Schmeckpeper, and Assistant Attorney General John Walter Whitmire, all of Columbia, for Petitioner.

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Respondent.

———————————

**PER CURIAM:** The State appeals the granting of post-conviction relief (PCR) to James Helms. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding to establish a claim for ineffective assistance of counsel, the PCR applicant must show (1) counsel's performance was deficient and (2) the deficient performance prejudiced the applicant); *Holden v. State*, 393 S.C. 565, 572, 713 S.E.2d 611, 615 (2011) (explaining the *Strickland* test also applies when an applicant seeks PCR after a guilty plea); *id.* (stating to show prejudice in the context of a guilty plea, the PCR applicant must show "there is a reasonable probability that, but for counsel's errors, the [applicant] would not have pled guilty, but would have insisted on going to trial"); *Smith v. State*, 329 S.C. 280, 283, 494 S.E.2d 626, 628 (1997) ("[P]arole eligibility has been held to be a collateral consequence of sentencing of which a defendant need not be specifically advised before entering a guilty plea. However, if the defendant's attorney undertakes to advise the defendant about parole eligibility and gives erroneous advice, then the plea may be collaterally attacked." (citation omitted)); *Moorehead v. State*, 329 S.C. 329, 333, 496 S.E.2d 415, 416 (1998) ("When considering an allegation on PCR that a guilty plea was based on inaccurate advice of counsel, the transcript of the guilty plea hearing will be considered to determine whether any possible error by counsel was cured by the information conveyed at the plea hearing."); *Holden*, 393 S.C. at 573, 713 S.E.2d at 615 (stating appellate courts must give "great deference" to the PCR judge's findings of fact and conclusions of law and "will uphold the findings of the PCR judge 'if there is any evidence of probative value sufficient to support them'" (quoting *Dempsey v. State*, 363 S.C. 365, 368, 610 S.E.2d 812, 814 (2005))).

**AFFIRMED.**

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**